UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>        Plaintiff,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>        Defendant. | Civil Action No. 09-11719-RGS |

**DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Sixteen months after it was publicly known that defendant Elderhostel, Inc. was adopting the mark EXPLORITAS, plaintiff Explorica, Inc. filed a factually-intensive Motion for a Preliminary Injunction (D.I. 9) to enjoin use of that mark, along with five declarations. Elderhostel herewith moves for leave to take limited expedited discovery with regard to the Preliminary Injunction Motion, and for a corresponding extension of time to file responsive papers. A proposed schedule is set forth below.

**BACKGROUND**

With an average participant age of 73, Elderhostel is a non-profit organization that was founded over three decades ago to provide educational programs directed to older adults. Elderhostel has grown from a small base in New Hampshire into a worldwide service organization for hundreds of thousands of active retirees and other older participants seeking educational programs. Plaintiff Explorica, by contrast, is a for-profit travel company that serves the opposite end of the demographic spectrum, helping teachers create travel programs for high school and college students.

Over the course of the past two years, Elderhostel has devoted substantial resources, including time, money, and trademark registration efforts, in selecting, developing, and ultimately rolling out a unique trademark – EXPLORITAS – and a corresponding logo.  During Elderhostel's federal trademark registration efforts, the Trademark Office did not find any risk of confusion between the parties' marks.  Indeed, the Trademark Examiner did not even consider the issue close enough to warrant citing Explorica's mark against Elderhostel, stating that "[t]he examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration."

Explorica has had actual or at least constructive knowledge of Elderhostel's new EXPLORITAS trademark going back at least as early as June 2008 when Elderhostel's new EXPLORITAS mark was published in the U.S. Patent and Trademark Office *Official Gazette*.  Sixteen months later, and with no communications from Explorica concerning this issue before the beginning of October 2009, Explorica filed its Complaint.  (D.I. 1. (10/15/09).)  Two days ago, Explorica filed a Preliminary Injunction Motion (D.I. 9), asking that Elderhostel be enjoined from using its EXPLORITAS mark.  Explorica's Motion was accompanied by five separate declarations setting forth substantial allegations of fact.

**GROUNDS FOR RELIEF REQUESTED**

Explorica's factual allegations require a reasonable opportunity for discovery to fairly rebut.  Many of the facts alleged in Explorica's declarations purport to derive from the knowledge of Explorica's employees and other materials or information accessible only to Explorica.  Many of Explorica's assertions constitute hearsay upon hearsay.  Explorica has also declined to explain the basis for some of its factual allegations when previously asked to do so by Elderhostel.  For example, Explorica alleges in its papers that there was a specific instance of confusion in which Air France purportedly sent a document to Elderhostel rather than Explorica.

A diligent internal investigation into this allegation by Elderhostel turned up no evidence whatsoever to support Explorica's unfounded allegation, yet Explorica declined to respond when asked for proof of such facts.

In short, Elderhostel cannot adequately test the facts Explorica alleges, and thus adequately respond to the Preliminary Injunction Motion, without discovery.

Accordingly, in order to have a fair opportunity to defend against Explorica's Motion for Preliminary Injunction, Elderhostel should be granted leave to take expedited discovery concerning the factual allegations in Explorica's Motion.  Courts in this District allow expedited discovery to enable a defendant to adequately defend against a preliminary injunction motion. *See, e.g., Rolland v. Celluci*, 106 F. Supp. 2d 128, 136 (D. Mass. 2000) (noting that expedited discovery was allowed on plaintiff's preliminary injunction motion).  Elderhostel is prepared to proceed expeditiously with discovery and briefing notwithstanding the heavy burden and scheduling demands created by the upcoming holiday season, and accordingly moves the Court to adopt the following expedited pre-hearing schedule:

- By November 9, 2009 – Parties to file a joint motion for a protective order to protect the disclosure of confidential documents and information;
- By November 13, 2009 – Parties to serve initial disclosures and written discovery specifically directed to the allegations set forth in Explorica's Preliminary Injunction Motion;
- By December 9, 2009 – Parties to respond to written discovery, including the production of responsive non-privileged documents;
- By December 23, 2009 – Parties to complete no more than four individual depositions per side (the number of individual declarations, other than an attorney declaration, filed by Explorica), and no more than one 30(b)(6) deposition of the opposing party;
- By January 8, 2009 – Elderhostel to file its papers responsive to the Preliminary Injunction Motion; and,
- Week of January 18, 2009 – Court to hold a hearing on Explorica's Preliminary Injunction Motion.

The above expedited schedule provides a fair balance between any claim Explorica might have to expedited action (which is questionable at best in light of its sixteen-month delay) and Elderhostel's right to learn more about the facts and allegations underlying Explorica's Preliminary Injunction Motion so as to be able to respond.

## CONCLUSION

For the above reasons, Elderhostel respectfully requests that the Court allow expedited discovery concerning Explorica's Motion for Preliminary Injunction and adopt the schedule set forth above for briefing and hearing on Explorica's Motion.

Respectfully submitted,

ELDERHOSTEL, INC.
d/b/a EXPLORITAS,

By its attorneys,

Dated:  November 5, 2009
/s/ Michael A. Albert
Michael Albert, BBO #558566
malbert@wolfgreenfield.com
John L. Strand, BBO #654985
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel:  617.646.8000
Fax:  617.646.8646

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Elderhostel contacted Defendant Explorica prior to filing this motion. Explorica did not assent to the relief requested in this motion.

/s/ Michael A. Albert

-5-

## **CERTIFICATE OF SERVICE**

     I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                      /s Michael A. Albert