UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>        Defendant. | Civil Action No. 09-11719 |

**PLAINTIFF EXPLORICA, INC.'S OPPOSITION TO
ELDERHOSTEL, INC.'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Explorica, Inc. ("Explorica") hereby submits its opposition to Defendant's Motion for Expedited Discovery and Extension of Time to Oppose Plaintiff's Motion for Preliminary Injunction (the "Motion").

The Court should deny defendant Elderhostel, Inc.'s ("Elderhostel") Motion for leave to take "expedited" discovery because discovery simply is not necessary for the Court to make an informed decision on Explorica's pending Motion for Preliminary Injunction. In support of its Motion, Elderhostel broadly states that "Explorica's factual allegations require reasonable opportunity for discovery to fairly rebut." However, Elderhostel has not attempted, much less succeeded, in establishing "good cause" for its expedited discovery request. The Motion also should be denied for the separate reason that the scope of the discovery requested and the schedule proposed by Elderhostel are unreasonable insofar as the discovery sought is too broad and the schedule proposed will prejudice Explorica because it is too long.

**BACKGROUND**

On October 15, 2009, Explorica, a provider of educational travel services, filed its Complaint against Elderhostel—a provider of identical services—alleging, *inter alia*, trademark

infringement under the Lanham Act and the laws of the Commonwealth of Massachusetts. Explorica's claims are focused on Elderhostel's recent adoption and use of the EXPLORITAS Mark, which is confusingly similar to Explorica's EXPLORICA Mark. After settlement negotiations failed, Explorica filed a Motion for Preliminary Injunction on November 3, 2009.

In support of the Motion for Preliminary Injunction, Explorica proffered evidence that (1) Explorica is the owner of the valid and protectable service mark EXPLORICA for tour guide and travel services (Mem. at 10); (2) Elderhostel's recently adopted EXPLORITAS Mark is confusingly similar to the EXPLORICA Mark that Explorica has used since its inception in 2000 (*id.* at 11); (3) the educational travel services offered by Explorica and Elderhostel are identical (*id.* at 12); (4) the marketing and trade channels utilized by the parties are identical (*id.* at 13-14); (5) there is a significant overlap among Explorica's customers and vendors and those of Elderhostel (*id.*); (6) Elderhostel was aware of the EXPLORICA Mark and nonetheless adopted the confusingly similar EXPLORITAS Mark; and (7) actual confusion has already occurred— one instance with a customer and another with a vendor (*id.* at 15).

Elderhostel now asks this Court to allow discovery in the form of written discovery and depositions of at least four individuals *plus* a 30(b)(6) designee or designees over the course of the next *forty-eight days*. Motion at 3. However, Elderhostel has not identified what specific topics it needs to explore and instead merely states that the "limited" discovery will be "directed to the allegations set forth in Explorica's Preliminary Injunction Motion." *Id.*

## ARGUMENT

Federal Rule of Civil Procedure 26 grants courts discretion to allow expedited discovery in certain limited circumstances. However, "[e]xpedited discovery is not the norm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Indeed,

the party seeking expedited discovery must make some *prima facie* showing of the need for the expedited discovery. *Id.* "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party." *See Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001)).[1]  Here, the prejudice to Explorica outweighs the need for any expedited discovery given that (1) Elderhostel has failed to show that any good cause exists for expedited discovery; (2) expedited discovery simply is not needed; (3) Elderhostel has failed to identify, much less narrowly tailor the discovery it seeks; and (4) Elderhostel's proposed schedule is unreasonably lengthy and would undercut the purpose of preliminary relief.

    **A.**    *Elderhostel Has Not Shown Good Cause That Expedited Discovery is Necessary.*

Elderhostel has not identified any specific information that it believes it is likely to obtain through expedited discovery that would warrant delaying the Court's determination of the pending Motion for Preliminary Injunction. Elderhostel merely states in conclusory fashion that it needs discovery to rebut the allegations in the Motion for Preliminary Injunction. This broad assertion should not be enough to justify delaying the resolution of the preliminary injunction and subjecting Explorica to additional harm in the interim as Elderhostel continues to use the confusingly similar EXPLORITAS Mark.

---

[1] "Th[e] [good cause] test weighs the need for expedited discovery by considering the overall administration of justice against the prejudice to the responding party. The factors considered include how far in advance of the formal start of discovery the request is made, whether the discovery are requests narrowly tailored, the purpose of the requested early discovery, whether the discovery burdens the defendants, and whether the defendants are able to

Elderhostel's only specific claim of a need for discovery concerns the instance of actual confusion involving Air France. The facts that support that allegation are set forth in the Declaration of Stephane Cosse. As his declaration states, an Air France representative informed Mr. Cosse of Explorica that a group booking confirmation meant for Explorica had been misdirected *to Elderhostel*. Mr. Cosse provided his knowledge of the matter, which is based solely on his conversation with the Air France representative. Delaying the resolution of the preliminary injunction, however, and allowing Elderhostel to depose Mr. Cosse simply to inquire as why *Elderhostel* could not locate any documentary evidence of the misdirected booking confirmation in *its* files is nonsensical and appears intended for no other reason than delay. Elderhostel does not even attempt to offer any other specific basis for its request. In the absence of any legitimate justification, the request for expedited discovery should be denied.

In addition to failing to identify *why* it needs expedited discovery, Elderhostel has failed to specifically identify *what* it needs. "[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances . . . ." *Merrill Lynch*, 194 F.R.D. at 624 (emphasis in original). Elderhostel claims that it needs discovery to rebut the facts and the allegations in the Motion for Preliminary Injunction, yet it fails to inform the Court what topics will be the focus of its inquiry and what information it needs *from* Explorica. Given that Explorica's likelihood of success on the likelihood of confusion issue is going to be central to the Court's decision here, one would expect Elderhostel to be capable of pointing to specific facts it needs to establish and how

---

respond to the requests in an expedited manner." *Better Packages, Inc. v. Zheng*, No. Civ. A. 05-4477(SRC), 2006 WL 1373055, *2-3 (D.N.J. May 17, 2006) (internal citation omitted).

targeted discovery will establish those facts. Instead, Elderhostel merely makes the blanket statement that it needs discovery to rebut all of the allegations.

In support of its Motion for Preliminary Injunction Explorica submitted five declarations establishing the key facts. The Olsson and Mann declarations set forth relevant information regarding Explorica, its business operations and marketing activities, and its registered marks. Further, the Olsson declaration identifies and discloses the overlap that exists between the parties in customers, vendors, and media and information outlet coverage. The Cosse and Dunn declarations set forth facts related to two instances of actual confusion. In addition, the Dunn declaration authenticates a business record that sets forth further facts related to the actual confusion. Finally, the fifth declaration is an attorney's declaration attaching several publicly available documents related to Elderhostel for authentication purposes only. These declarations provide the Court with sufficient evidence to support the entry of an injunction. Elderhostel offers no explanation of what additional information it needs or how that information will support its opposition.

**B.** *Elderhostel Has Not Narrowly Tailored Its Discovery Request.*

Under the good cause standard, courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad. *Philadelphia Newspapers, Inc., v. Gannett Satellite Information Network, Inc.*, No. Civ. A. 98-CV-2782, 1998 WL 404820 at *3 (E.D. Pa. July 15, 1998) (denying motion for expedited discovery as overbroad where movant sought discovery to prepare for preliminary injunction hearing and requests related broadly to defendant's intent to copy and deceive, actual confusion, and the strength of plaintiff's mark) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 918 F.Supp. 728, 730-31 (S.D.N.Y. 1996)). Here, Elderhostel asserts it is seeking "limited" discovery, however, the limit is not a limit at all. In fact, the discovery requested is as broad as possible: Elderhostel seeks discovery pertaining to

5

"the allegations set forth in Explorica's Preliminary Injunction Motion." Mot. at 3-4. On this basis alone the Motion should be denied.

Finally, in lieu of specific examples of necessary discovery, Elderhostel implies that discovery should be granted because Explorica can wait for relief because it has somehow known about the name change since June of 2008. Any claim that Explorica should have discovered the EXPLORITAS name change in June 2008 when Elderhostel's trademark application was published in the USPTO *Official Gazette* assumes, without support, that Explorica had some reason to discover the reference *and* to know in advance what Elderhostel intended to use the mark for. This argument does not justify delaying the resolution of the issue at hand.[2]

Elderhostel does not—because it cannot—challenge the fact that once the EXPLORITAS name was publicly announced, Explorica acted swiftly to alert Elderhostel of the infringement. *See* Compl. ¶ 8. Elderhostel is now using its new name and causing damage to Explorica's goodwill. Explorica has submitted a well-supported motion and should not have to wait nearly three months until the end of January for a hearing on its request for preliminary relief, during which time the EXPLORICA Mark and the goodwill associated with it will be further damaged

---

[2] What's more, it is disingenuous: leading up to the name change Elderhostel touted the new name as a *secret* on its website:

- When will I know the new name?: We are excited to share the news of our new program name with you in the **fall of 2009**. *See* http://www.exploritas.org/programs/change_faq.asp (visited Nov. 6, 2009) (emphasis added).

- Want to be a Part of **Revealing** the New Name?: **We're excited to share our new program name with you this September**. Not only will we **unveil** the name in September, but we plan to do it in a way that will showcase Elderhostel participants in action — fulfilling their dreams on programs across the country and around the world. And we'd love to have you take part! *See* http://www.exploritas.org/programs/change.asp (visited Nov. 6, 2009) (emphasis added).

- Get Involved!: If you enroll in any program that takes place this coming June or July, you will have waiting for you on your program one poster-size letter of the alphabet. This letter will be just one of the letters **that we'll use to show the new Elderhostel program name. It might be an "E" … it could be an**

as each day passes. Indeed, the purpose of seeking preliminary relief is to prevent such irreparable harm from occurring.

In light of the foregoing, the Court should deny Elderhostel's Motion, require Elderhostel to respond pursuant to the rules by November 17, 2009 without discovery, and set a hearing date for November 24, 2009, or the next available date on the Court's calendar.

### C. *In The Event That The Court Finds Discovery Is Warranted, It Should Limit The Discovery And Enter A Shorter Schedule.*

Explorica does not believe that discovery is necessary or that Elderhostel has carried its burden on its Motion. However, if the Court finds that some discovery is warranted, Explorica requests that the Court specifically limit the number of depositions to (i) one Fed. R. Civ. P. 30(b)(6) per party and (ii) depositions of Explorica's two actual confusion declarants, limited to that issue. Explorica proposes the following schedule, which allows for discovery, but does not unnecessarily extend the hearing date:

- <u>Monday, November 9, 2009</u>: Parties exchange written discovery;

- <u>Tuesday, November 17, 2009</u>: Parties respond to written discovery and produce documents. The parties shall work together on a proposed protective order; until such order is entered all documents produced shall be treated as "Attorneys' Eyes Only."

- <u>Tuesday, November 24, 2009</u>: Expedited discovery closes;

- <u>Tuesday, December 1, 2009</u>: Elderhostel opposition brief due;

- <u>Friday, December 4, 2009</u>: Exploritas reply brief due;

- <u>Monday, December 7, 2009 (or next available date)</u>: Hearing.

\* \* \* \*

---

**"L" … maybe a "D."** Once on the program, participants will have the opportunity to photograph each other holding the letter. *Id.*

7

Dated:  November 6, 2009

Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ Mark S. Puzella
Mark S. Puzella (BBO No. 644850)
Robert M. O'Connell (BBO No. 559667)
Michael T. Jones (BBO No. 661336)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
T: (617) 570-1000
F: (617) 523-1231
mpuzella@goodwinprocter.com
roconnell@goodwinprocter.com
mjones@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I certify that Plaintiff Explorica, Inc.'s Opposition to Defendant's Motion fro Expedited Discovery and Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 6, 2009.

/s/ Mark S. Puzella