UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EXPLORICA, INC.

          Plaintiff,

v.

ELDERHOSTEL, INC.
d/b/a EXPLORITAS,

          Defendant.

Civil Action No. 09-11719-RGS

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR EXPEDITED DISCOVERY

Defendant Elderhostel respectfully requests leave to file the within three-page reply in response to Explorica's Opposition to Elderhostel's Motion for Expedited Discovery.

**I.    ELDERHOSTEL HAS SHOWN "GOOD CAUSE" FOR LIMITED DISCOVERY**

Explorica claims that Elderhostel has not met the "good cause" standard because Elderhostel allegedly "has not identified what specific topics it needs to explore." (D.I. 17 at 2.) But not only did Elderhostel outline the kinds of discovery it needs before the extraordinary relief of a preliminary injunction could properly be considered, Explorica's own Opposition likewise illustrates the point:  For example, Explorica alleges that "the educational travel services offered by Explorica and Elderhostel are identical," "the marketing and trade channels utilized by the parties are identical," and "there is a significant overlap among Explorica's customers and vendors and those of Elderhostel." (*Id.* at 2.)  Elderhostel believes each of these allegations to be false.  It cannot establish the point, however, without some discovery of Explorica's documents and witnesses.  Some of Explorica's declarations set forth vague and untested facts and figures, while others are based on few or no clearly-stated facts at all.  Untested allegations alone cannot

support injunctive relief.  Elderhostel is entitled to discovery to learn relevant factual matters

such as the precise scope and nature of the parties' respective markets, customer demographics,

and the identities of their trade channels and vendors, as well as the facts underlying the

suspiciously vague – and apparently factually incorrect – allegation of an instance of actual

confusion.

## II.     EXPLORICA WAS NOT DILIGENT IN PURSUING ELDERHOSTEL

Explorica claims that it "has consistently protected its marks." (D.I. 10 at 5.)  The

standard way to do that is to begin by reviewing (or maintaining a watch service that covers) the

*Official Gazette* of the Trademark Office.  Yet when that publication announced, sixteen months

ago, that Elderhostel was adopting the mark now in dispute, Explorica did nothing.  Its claim that

it had no reason to discover Elderhostel's trademark application is unfounded, and indeed

inexplicable.  Moreover, contrary to Explorica's fallback theory that even if it knew of the mark

it could not have known "what Elderhostel intended to use the mark for" (D.I. 17 at 6) is equally

unfounded.  The description of services was right there in Elderhostel's trademark application: it

encompassed "arranging travel tours," and "[e]ducational services, namely, providing

conferences, workshops, seminars, and classes through experiential or classroom learning in the

fields of history, nature, cultures, science, entertainment, art, self-improvement, and politics."

## III.    EXPLORICA'S ALTERNATIVE PROPOSED SCHEDULE IS TOO SHORT

Explorica proposes an alternative schedule (D.I. 17 at 7) that fails to provide adequate

time for discovery or briefing.  For instance, Explorica's proposed deadline to exchange

discovery is ***today***, despite the fact that the Court has not even had the opportunity to act on

Elderhostel's Motion.  Nor does Explorica's proposed schedule take into account the various

other constraints raised by the months of November and December, such as travel and holidays.

Several of Elderhostel's witnesses are at present on extended international trips (one in Africa

and others in Europe) and other travel is forecast over the upcoming busy holiday season. For

that reason alone, Elderhostel needs additional time to adequately respond to Explorica's Motion.

Moreover, under Explorica's proposed schedule, Elderhostel would only have the week of

Thanksgiving to prepare its opposition to Explorica's Motion for Preliminary Injunction. Such a

schedule is not necessary or fair in this situation. Elderhostel's original proposed schedule

strikes a fair balance and Explorica has not shown any harm from following it.

## CONCLUSION

For the above reasons, Elderhostel respectfully requests that the Court allow expedited

discovery concerning Explorica's Motion for Preliminary Injunction and adopt the schedule set

forth in Elderhostel's initial brief (D.I. 16).

Respectfully submitted,

ELDERHOSTEL, INC.
d/b/a EXPLORITAS,

By its attorneys,

Dated: November 9, 2009

/s/ Michael A. Albert
Michael Albert, BBO #558566
malbert@wolfgreenfield.com
John L. Strand, BBO #654985
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: 617.646.8000
Fax: 617.646.8646

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system,
which serves counsel for other parties who are registered participants as identified on the Notice
of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are
being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert