IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>        Defendants. | Civil Action No. 09-11719-RGS |

**ELDERHOSTEL'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COUNT III OF EXPLORICA'S COMPLAINT**

Defendant Elderhostel, Inc. ("Elderhostel") hereby moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count III of the Complaint (purporting to state a Federal Trademark Dilution claim) for failing to allege even the most basic facts necessary to support a dilution claim. Plaintiff Explorica, Inc. ("Explorica") alleges in Count III of its Complaint (D.I. 1) that the use of the EXPLORITAS mark by Elderhostel is likely to cause dilution of Explorica's mark under 15 U.S.C. § 1125(c). Explorica's complaint admits that the alleged "fame" of its mark is limited to a small market. The law is clear that such "niche fame" is insufficient to state a claim for dilution. Accordingly, Elderhostel hereby moves to dismiss Count III.

Just three years ago, in fact, Congress passed the Trademark Dilution Revision Act (TDRA) to preclude precisely the type of allegation Explorica makes here. Prior to the TDRA, trademark dilution claims were already limited to a small category of marks considered "famous." But because some courts had interpreted the pre-TDRA statute to allow trademark dilution claims for marks with only "niche fame," Congress responded by passing the TDRA to expressly limit the definition of a "famous" mark to one that is "**widely recognized by the**

**general consuming public of the United States**." 15 U.S.C. § 1125(c)(2).[1]  In amending the statute, Congress intended to "reject dilution claims based on '**niche**' fame, i.e. fame limited to a particular channel of trade, segment of industry or service, or geographic region" so as to prevent every trademark from being used as "an anti-competitive weapon."  <u>Heller Inc. v. Design Within Reach, Inc.</u>, __ F. Supp. 2d __, 2009 U.S. Dist. LEXIS 71991, at *4 (S.D.N.Y. Aug. 14, 2009).

At most, Explorica's complaint alleges fame in a **niche market**, which Congress has now squarely provided cannot support a dilution claim.

Indeed, even under the pre-TDRA standard, Explorica's claim would fail because it does not allege any factual basis for its claim to "fame," but simply relies on a bare pleading that its mark is "famous." (Complaint ¶ 67).  The absence of any factual support violates the pleading requirements of Rule 8(a)(2).  <u>See</u> <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted).  Even if the allegation of fame met Rule 8, however, Explorica's concession that it is only **niche** fame dooms its dilution count.

Accordingly, as further detailed below, Count III of the complaint should be dismissed.

## BACKGROUND

With an average participant age of 73, Elderhostel is a non-profit organization that was founded over three decades ago to provide educational programs directed to older adults. Elderhostel has grown from a small base in New Hampshire into a worldwide service organization for hundreds of thousands of active retirees and other older participants seeking educational programs.  Plaintiff Explorica, by contrast, is a for-profit travel company that serves

---

[1] Emphasis added unless otherwise noted.

the opposite end of the demographic spectrum, helping teachers create travel programs for teenagers in junior high and high school.  As the First Circuit has had occasion to describe it, "Explorica was formed in 2000 to compete in the field of global tours for high school students." <u>EF Cultural Travel BV v. Explorica, Inc.</u>, 274 F.3d 577, 579.  The Court later reemphasized that Explorica's sphere of operations is the "teenage tour market."  <u>Id.</u>

Explorica filed suit against Elderhostel on October 15, 2009, alleging seven counts under state and federal trademark law.  Explorica's complaint lays out its factual allegations in support of these seven counts.  (Complaint ¶¶ 1-45).  Even taken in the light most favorable to Explorica, these factual allegations, at best, allege that the EXPLORICA mark is known in the niche market of educational travel services.  Explorica states that "Explorica has provided **educational travel services** …, and the Explorica Mark has become **famous among those seeking <u>such</u> <u>services</u>**" (¶1); "Given Explorica's **fame in the educational travel market** …" (¶ 5); Explorica "is a **market leader among educational travel service providers** with … millions of dollars in annual sales" (¶ 13); and "both parties compete in a **small product market**." (¶ 39).

Count III of the Complaint alleges that Elderhostel's use of its EXPLORITAS mark is likely to dilute its own EXPLORICA mark under 15 U.S.C. § 1125(c).  In support of this count, Explorica makes the unsupported conclusion that its mark is "famous."  (Complaint ¶ 67).  The Complaint, however, does not provide a single factual allegation to support any fame of the EXPLORICA mark outside of the niche market of educational travel services.

Congress has now removed all doubt and expressly provided that a claim for federal trademark dilution requires more than niche fame; it requires fame widely recognized among the general public.  Not only does Explorica fail to meet this factual predicate, it does not even allege it.  Accordingly, its claim for trademark dilution must be dismissed.

## ARGUMENT

I. **LEGAL STANDARDS**

    A. **Pleading Requirements**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that [it] is entitled to relief.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

"To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.'" Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard … asks for more than a sheer possibility that a defendant acted unlawfully." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

For example, in Bell Atlantic Corp. v. Twombly, the Supreme Court found that the plaintiff had failed to plead a violation of the Sherman Act. 550 U.S. 544, 555 (2007). First, the Court found that the allegation that defendant had entered into an unlawful agreement was a "legal conclusion" and not entitled to factual weight. Id. at 564-65. Further, the facts alleged by

the plaintiff were consistent with lawful activity and did not plausibly suggest that the defendant had engaged in unlawful activity.  Id. at 567.

      B.      **<u>Trademark Dilution</u>**

Under Federal Law, a trademark holder of a "famous" mark may, in some situations, obtain an injunction against the owner of another mark where the use of the other mark "is likely to cause dilution" of the famous mark.  See 15 U.S.C. § 1125(c).

In 2006, Congress passed the Trademark Dilution Revision Act to prevent abusive trademark dilution claims.  See Heller Inc. v. Design Within Reach, Inc., __ F.3d __, 2009 U.S. Dist. LEXIS 71991, at *4 (S.D.N.Y. Aug. 14, 2009).

Congress amended the statute to limit "famous" marks to those "widely recognized by the consuming public in the United States."  See id.  With this amendment, "Congress intended to 'reject dilution claims based on 'niche' fame, i.e. fame limited to a particular channel of trade, segment of industry or service, or geographic region.'"  Id.  "The policy rationale behind the fame requirement is to encourage and promote competition; without limiting protection to famous marks, anti-dilution laws would turn every trademark into 'an anti-competitive weapon.'"  Id.

"[C]ourts generally have limited famous marks to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public."  Id. at *3; Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 635 (9th Cir. 2008) (holding that a reasonable jury could find "Hot Wheels" famous because Mattel had spent $350 million in advertising and had sold three billion units since inception); Bd. of Regents, Univ. of Texas Sys. v. KST Elec., Ltd., 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008) ("One of the major purposes of the TDRA was to restrict dilution causes of

action to those few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls, and the like.")

## II. EXPLORICA FAILED TO STATE A CLAIM OF TRADEMARK DILUTION

Count III of Explorica's Complaint fails to state a claim of trademark dilution under 15 U.S.C. § 1125(c).  As explained above, to avoid dismissal, Explorica must present sufficient facts to support a finding that its mark is famous, but its own pleadings establish that its mark is not famous, and its conclusory allegations are insufficient to avoid dismissal.  Moreover, "famous" under the TDRA requires wide recognition across the entire scope of the consuming public; not merely in a particular market "niche."  Explorica makes no such allegation.

### A. Plaintiff's Own Pleadings Show Its Mark Is Not Famous

"[C]ourts generally have limited famous marks to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public."  Heller, 2009 U.S. Dist. LEXIS 71991, at *3. Explorica's own pleadings show that it cannot establish that its mark is famous.

Explorica has not made any attempt to plausibly suggest that its mark is "widely recognized by the consuming public in the United States."  See 35 U.S.C. § 1125(c).  Rather, Explorica repeatedly emphasizes that its mark is recognized in one specific niche – that of educational travel services. (Complaint at ¶¶ 1, 5, 13).  Furthermore, Explorica states that the niche of educational travel services is a small one.  (Complaint ¶ 39) ("both parties compete in a **small product market**").

Explorica's other allegations confirm that its mark is not famous.  Explorica alleges annual sales of "millions of dollars."  (Complaint at ¶ 13).  Its sales are thus far smaller than the hundreds of millions of dollars in annual sales that courts generally require for a mark to be

famous.  See Heller, 2009 U.S. Dist. LEXIS 71991, at *3.  Explorica's mark is simply not in – and is not alleged to be in – the same league as those "few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls, and the like" that courts find sufficiently famous to support a dilution claim.  See Bd. of Regents, Univ. of Texas Sys., 550 F. Supp. at 679.

**B.      Plaintiff Has Not Plausibly Alleged That Its Mark is Famous**

In Count III of its Complaint, Explorica makes the unsupported allegation that it has developed its mark "to the point that it is famous."  (Complaint ¶ 67.)  Even if Explorica had not admitted elsewhere that its mark is not famous, this conclusory statement is insufficient to state a claim of trademark dilution.  Its bare statement that its mark is "famous," unsupported by any facts that if true would constitute fame under the TDRA, is nothing more than a legal conclusion to which courts should not give any factual weight.  See Twombly 550 U.S. at 564-65.

In sum, to state a claim for trademark dilution, Explorica must allege facts that plausibly suggest that Elderhostel is diluting a nationally famous mark.  By statute, Elderhostel cannot be liable unless Explorica's mark is famous to the consuming public, not just a particular market niche.  15 U.S.C. § 1125(c).  Since Explorica has not pled any facts plausibly suggesting that its mark is famous as recently redefined by the TDRA, Count III fails to state a claim for trademark dilution upon which relief can be granted.

## **CONCLUSION**

For the above reasons, Count III of Plaintiff's Complaint should be dismissed.

                                             Respectfully submitted,

                                             ELDERHOSTEL, INC.
                                             d/b/a EXPLORITAS,

                                             By its attorneys,

Dated: November 12, 2009            /s/ Michael A. Albert
                                           Michael Albert, BBO #558566
                                           malbert@wolfgreenfield.com
                                           John L. Strand, BBO #654985
                                           jstrand@wolfgreenfield.com
                                           WOLF, GREENFIELD & SACKS, P.C
                                           600 Atlantic Avenue
                                           Boston, Massachusetts 02210
                                           Tel: 617.646.8000
                                           Fax: 617.646.8646

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                    /s/ Michael A. Albert