IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>        Defendants. | Civil Action No. 09-11719-RGS |

**ELDERHOSTEL'S MEMORANDUM IN OPPOSITION TO EXPLORICA'S
MOTION TO STRIKE THE TESTIMONY OF ARTHUR FROMMER**

    Arthur Frommer may be the world's most pre-eminent living authority on travel. With over 50 years' experience in every aspect of the travel industry, and some 75 million of his travel guidebooks in print, as well as direct personal experience both with Elderhostel and its programs and with student travel, any suggestion that he lacks sufficient qualifications to testify in this case borders on frivolous.

    Explorica's motion to strike Mr. Frommer's declaration does not even present a prima facie argument, let alone prove its point. First, although it is seeking to strike Mr. Frommer's declaration, not once in its entire brief does Explorica actually refer to any paragraph of Mr. Frommer's declaration. For that reason alone, Explorica's motion is groundless. Second, Mr. Frommer is indisputably qualified to opine on the travel industry given the depth and breadth of his experience over the past 50 years, and his opinions have a solid factual basis that was thoroughly cross-examined by Explorica's counsel at deposition. Third, even if there were some question as to the admissibility of his declaration, the Federal Rules of Evidence do not apply to preliminary injunction hearings. Appellate courts presume that the training and experience of trial judges make them immune to being improperly swayed by inadmissible evidence. Fourth,

1

Explorica's arguments are directed only to the weight that should be accorded to Mr. Frommer's declaration and have no bearing on admissibility. Indeed, Explorica has not offered any expert testimony of its own to contradict any of Mr. Frommer's statements.

### I.    Explorica Fails to Address a Single Paragraph of Mr. Frommer's Declaration

Nowhere does Explorica challenge Mr. Frommer's qualifications to opine on the travel industry. Instead, Explorica's motion focuses on questioning "the factual underpinnings of an expert's investigation." Crowe v. Marchand, 506 F.3d 13, 17 (1st Cir. 2007).

To challenge the factual underpinnings of an expert's opinions, one must start with the expert's opinions, consider the facts relied upon by the expert in forming his opinions, and then determine whether the expert's testimony has an adequate factual basis. See id. As Explorica has not referred to or analyzed a single paragraph of Mr. Frommer's declaration, it has not even presented a prima facie case for striking it. Explorica's motion should be denied for this reason alone.

### II.    Mr. Frommer is Eminently Qualified and His Opinions are Reliable

Mr. Frommer's declaration sets forth his qualifications in great detail. (Frommer Decl. ¶¶ 1-10). Over more than 50 years, he has been involved in nearly all aspects of the travel industry. (Id. ¶ 1). Although perhaps best known for his travel books (id. ¶ 3), he has also worked as a "tour operator, hotelier, travel services consumer and provider, consultant, and radio, television and Internet commentator." (Id. ¶ 1). Mr. Frommer also hosts a radio show on travel, writes a twice-weekly newspaper column on travel, lectures to travel audiences worldwide, and has been featured as a travel expert on CNN, CNBC, the NBC Today Show, the Oprah Winfrey Show, and the Regis and Kathy Lee show. (Id. ¶¶ 6-9). Explorica does not and cannot question his qualifications.

Over the twelve pages of its brief, Explorica instead disparages Mr. Frommer's deposition testimony, without relating the disparagement to any legal argument for striking particular paragraphs of his declaration. Explorica's disparagement is unfounded.

Mr. Frommer's opinions were based on the knowledge he has gained from his 50 years in the travel industry, his extensive knowledge of Elderhostel, and from viewing Explorica's website. Mr. Frommer's knowledge of Elderhostel is based on his own service as a board member of the non-profit organization from 1998 to 2001 (Frommer Decl. ¶ 11); his conversations with Elderhostel participants, including many individuals who have participated in Elderhostel programs (Frommer Tr. at 40:5-14, 103:23-104:8), his own experience participating in an Elderhostel program (Frommer Tr. at 38:10-17), and his extensive work in the travel industry (Frommer Tr. at 43:24-44:4).[1] Although he had never heard of Explorica (a relatively-unknown student travel company) prior to this case, he conducted a sufficient investigation of its offerings on its web site so as to be able to formulate the opinions he expresses. Indeed, expert witnesses are not expected to (and rarely do) have prior knowledge of the particular parties in suit, but rather are asked to apply their expertise in the field to facts they learn about the case.

Nowhere in its brief does Explorica cogently explain why his factual basis was insufficient to support his opinions. Instead Explorica makes unfounded and irrelevant accusations:

- That he "offers the worst kind of opinion, … one that is based on no facts, other than those provided by counsel." (Brief at 2).

Mr. Frommer did not testify that he relied on facts provided by counsel as any part of the basis for his opinion. Rather, he testified that his own knowledge, investigation, and examination of the companies' materials provided that basis, along with the additional bases set forth above.

- He "admits that he is not a legal, marketing, or branding expert." (Brief at 2).

None of Mr. Frommer's opinions require him to be a legal, marketing, or branding expert, and Explorica has not shown otherwise. Likelihood of confusion is judged from the point of view of people seeking out a travel experience – not an expert in law, marketing, or branding.

---

[1] Although Explorica challenges Mr. Frommer's knowledge of Elderhostel, it attaches a newspaper article written by Mr. Frommer about Elderhostel (Explorica Ex. B), thus disproving its own point.

3

- In viewing Explorica's website, he did not look at Explorica's "adult-only tour offerings" or "Intergenerational or family tours." (Brief at 5-6).

Explorica's website does not have any "adult-only tour offerings," Explorica has never had an "intergenerational" tour, and Explorica cancelled its family tours a couple of years ago. Mr. Frommer could not have looked at such things because they don't exist.

- "Most troubling is Mr. Frommer's admission that he was 'struck' and 'puzzled' when he learned that 'many, many thousands of Explorica's clients were over the age of 50." (Brief at 9).

Quite simply, Explorica's inaccurate hypothetical question misled him. These purported thousands of travelers over 50 are almost entirely teachers and chaperones on Explorica's high schools tours. Explorica thus remains (as Mr. Frommer had learned from his investigation) a company focused on student travel for teenagers (accompanied by chaperones and teachers). Explorica's counsel wrongly led Mr. Frommer to believe that Explorica had provided older adult tours for thousands of people over 50, which Explorica clearly and indisputably has not done.

**III.     The Rules of Evidence do not Apply in a Preliminary Injunction Hearing**

"The Federal Rules of Evidence do not apply to preliminary injunction hearings." Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). As the "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held[,] … a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." University of Texas v. Camenisch , 451 U.S. 390, 395 (1981). For example, "hearsay materials are often received in preliminary injunction proceedings." Asseo v. Pan American Grain Co., 805 F.2d 23, 26 (1st Cir. 1986).

The Rules of Evidence may be relaxed in nonjury proceedings because the trial judge is presumed to be able to "hear relevant evidence, weigh its probative value and reject any improper inferences." Schultz v. Butcher, 24 F.3d 626, 631-32 (4th Cir. 1994); see also Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981) (finding that the district

court erred in excluding evidence in a bench trial and stating that a judge is able to exclude "improper inferences from his mind in reaching a decision"). "The federal civil justice system simply relies on judges' professional training to enable them to filter out information that has been proffered by one of the parties and then excluded." 9A C. Wright & A. Miller, Federal Practice and Procedure § 2412, at 261 (3d ed. 2008).

Here, Explorica is asking the Court to consider Mr. Frommer's declaration for purposes of admissibility, and then to refuse to consider his declaration in determining the merits of its preliminary injunction motion. Explorica's request is a pointless exercise. Although there is nothing improper concerning Mr. Frommer's declaration, even if there were, the Court can consider the substance of Mr. Frommer's declaration, and filter out any information that should not bear on the merits of the preliminary injunction motion, if there were any such information (although as noted above, Mr. Frommer is an eminent expert in this field and his opinions are not only well-founded but indeed uncontradicted by any opposing expert).

### IV. Explorica's Arguments go to Weight and not to Admissibility

Furthermore, Explorica's arguments are directed only to the weight that should be accorded Mr. Frommer's declaration and not to its admissibility.

The trial court serves as a gatekeeper for expert testimony, and as part of this role, the court must determine whether the expert is "qualified . . . by knowledge, skill, experience, training, or education" and must possess specialized knowledge that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Crowe v. Marchand, 506 F.3d 13, 17 (1st Cir. 2007) (quoting Fed. R. Evid. 702). Where, however, a party questions "the factual underpinnings of an expert's investigation," such a determination goes to "the weight of the proffered testimony, not to its admissibility." Id. at 18.

For example, in Crowe, a party sought to exclude a medical expert's testimony because the expert "consulted x-ray and MRI reports prepared by others instead of reading the films himself." Id. at 17. The First Circuit held that "the district court's gatekeeping function ought

5

not to be confused with the [factfinder's] responsibility to separate wheat from chaff," id., and held that there was no error in allowing the expert to testify even though he had not read the x-ray films himself.

Explorica makes the very same argument rejected by the First Circuit in Crowe. Explorica only argues that Mr. Frommer's factual investigation was insufficient. As set forth above, Mr. Frommer had ample basis for his opinions. The fact that it may not have taken particularly long for him to learn, through his examination of the evidence, that the two companies' marks and services are quite distinct and distinguishable speaks more to the weakness of Explorica's case than to any lack of admissibility of Mr. Frommer's testimony.

In any event, to the extent that Explorica challenges this factual basis, it is the role of the factfinder to determine the weight that should be applied to Mr. Frommer's opinions.

For the foregoing reasons, Elderhostel requests that the Court deny Explorica's motion to strike Mr. Frommer's declaration.

Respectfully submitted,

ELDERHOSTEL, INC.

By its attorneys,

Dated: January 22, 2010

/s/ Michael A. Albert
Michael Albert, BBO #558566
malbert@wolfgreenfield.com
Jeffrey C. O'Neill, BBO #663254
joneill@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: 617.646.8000
Fax: 617.646.8646

          Ilan N. Barzilay, BBO # 643978
          ibarzilay@seyfarth.com
          SEYFARTH SHAW LLP
          Two Seaport Lane, Suite 300
          Boston, MA  02210
          Tel: 617.946.4800
          Fax: 617.946.4801

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

          /s/ Michael A. Albert