UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>          Defendant. | Civil Action No.  09-11719 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF EXPLORICA INC.'S MOTION IN
LIMINE TO PRECLUDE ELDERHOSTEL FROM MAKING ARGUMENTS IN
<u>VIOLATION OF THE ANTI-DISSECTION RULE</u>**

Plaintiff Explorica, Inc. ("Plaintiff" or "Explorica") requests that the Court preclude Defendant Elderhostel, Inc. d/b/a Exploritas ("Defendant" or "Elderhostel") from making arguments in violation of the anti-dissection rule. The anti-dissection rule is black latter law preventing a party from doing exactly what Eldehostel seeks to do: break up unitary marks into their constituent parts for purposes of a skewed comparison. Instead the law of every circuit bars such dissection and requires that only the marks' *overall* impressions be considered.

**I.     <u>The Proper Analysis is a Comparison of EXPLORICA and EXPLORITAS.</u>**

The anti-dissection rule is black letter trademark law. As Prof. McCarthy sets forth:

> [C]onflicting marks must be compared in their entireties. A mark should not be dissected or split up into its component parts and each part then compared with corresponding parts of the conflicting mark to determine the likelihood of confusion. It is the impression that the mark as a whole creates on the average reasonably prudent buyer and not the parts thereof, that is important.

4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:41 (4th ed.). The rationale for this rule is simple: The "commercial impression of a composite trademark on an ordinary prospective buyer is created by the mark as a whole, not by its component parts." *Id.*

## II. A Comparison of Only Part of the Marks is Legally Incorrect.

In order to distract from the obvious visual and aural similarities between EXPLORICA and EXPLORITAS, Elderhostel dissects the marks into pieces, asserts without explanation or support that the root "EXPLOR" is merely descriptive and can be ignored, and concludes that the ultimate comparison is between the "suffixes" CA and TAS.  Federal Courts have explicitly rejected similar attempts as violative of the anti-dissection rule.  *See*, *e.g.*, *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 795 (6th Cir. 2004). In *AutoZone*, the plaintiff made the same argument that Elderhostel makes here.  There the plaintiff urged the court not to compare the full marks AUTOZONE and POWERZONE, but rather drop the commonly-used term ZONE from the analysis and compare only POWER and AUTO.  The Court rejected this, stating that "[b]y doing so, [junior user] asks us to violate the 'anti-dissection rule,' whereby we 'view marks in their entirety and focus on their overall impressions, not individual features.' *Id.* at 795 (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.,* 109 F.3d 275, 283 (6th Cir. 1997);  *See also YKK Corp. v. Jungwoo Zipper Co., LTD.*, 213 F. Supp.2d 1195, 1201-1202 (C.D. Cal. 2002) (refusing to drop the "generic" "Y" from the two marks "YKK" and "YPP" and compare the resulting "KK" and "PP," because to do so would "ignore the anti-dissection rule of trademark comparison"); *see also* MCCARTHY § 23:41.[1]  Elderhostel cites no case law disapproving of the anti-dissection rule.[2]

---

[1] The Anti-Dissection rule, by its terms, pertains to composite or compound marks – marks comprised of more than one word, where it is easier and more tempting to parse the marks in order to cherry-pick differences.  But in this case both the marks at issue are single, unitary words, not compounds, thus making Elderhostel's efforts at dissection that much more strained and unsupportable.

**III.     Elderhostel's Case Law is Inapposite.**

In *Boston Duck Tours*, cited by Elderhostel in its Preliminary Injunction Opposition, the Court allowed DUCK TOURS to largely drop out of the analysis between BOSTON DUCK TOURS and SUPER DUCK TOURS.  *Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 25 (1st Cir. 2008).  Elderhostel suggests that these terms dropped out based on *descriptiveness*, but that is incorrect.  The *Boston Duck Tours* Court "largely" dropped DUCK TOURS from the analysis because it held that DUCK TOURS was a *generic* term.  *See id.* at 25 ("Analyzing the similarities ourselves with the correct genericism conclusion in mind, we focus our inquiry, albeit not exclusively, on the similarities and differences between the words "Boston" and "Super," the *non-generic* elements of each mark." (emphasis added)).[3]  A generic term is never entitled to trademark protection, because a generic terms tells the user what the product is, rather than who is offering the product.  The court held that DUCK TOURS was a generic description for the type of amphibious tours offered by each party.  *Id.* at 14-15.  Elderhostel does not argue that the EXPLOR root is generic, for that is too strained an argument even for Elderhostel.  Thus *Boston Duck Tours* is not applicable here.[4]  Elderhostel's argument also fails because it ignores Explorica's incontestable federal registration for EXPLORICA which entitles Explorica to a conclusive presumption that EXPLORICA is not descriptive.  *See* 15 U.S.C. § 1065; *Keds Corp. v. Renee Intern. Trading Corp.*, 888 F.2d 215, 220 (1st Cir. 1989).

---

[2]   Elderhostel's attempted dissection of the EXPLORICA mark is particularly strained because EXPLORICA is not a compound or composite term like AUTOZONE or BOSTON DUCK TOUR; it is a single unitary one-word mark which no reasonable consumer would ever think to break up into component parts.

[3]   *American Cyanamid Corp. v. Connaught Labs., Inc.*, 800 F.2d 306 (2d. Cir. 1986) is likewise inapposite because, despite some broad dicta, the Court refused to find HibVAX and HIB-IMUNE to be confusingly similar because Hib is a *generic* term for the disease against which the vaccines immunize.

[4]   Further, *Boston Duck Tours* did not *entirely* ignore even the generic elements, as Elderhostel would have the factfinder do here.  *See Boston Duck Tours*, 531 F.3d 1, 25 ([W]e focus our inquiry, *albeit not exclusively*, on the similarities and differences between the words "Boston" and "Super," the non-generic elements of each mark." (emphasis added).

3

*Bada Co. v. Montgomery Ward & Co.*, 426 F.2d 8 (9th Cir. 1970), cited by Elderhostel did not contemplate any dissection of the marks at issue, MICRO and MIRCO-PRECISION. Rather the Court held that each mark in *its entirety* was merely descriptive without secondary meaning and thus not entitled to trademark protection. *Id.* at 11. This case does not support Elderhostel's dissection argument. Likewise *Colt Defense LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701 (1st Cir. 2007) merely held that the mark M4 was generic as a whole and not protectable. *Id.* at 710. *Colt Defense* did not involve any dissection.

Lastly, Elderhostel points to *Sarah Coventry, Inc. v. Sardelli & Sons, Inc.*, 256 F.2d 20 (1st Cir. 1975). Elderhostel suggests that the *Sarah Coventry* Court ignored the "prefix" and found no similarity between SARAH and SARDE solely based on the differences in the last two letters. First, there is no discussion of "prefixes" in *Sarah Coventry* and the Court there did not dissect the mark to compare only –AH and –DE. Although the court noted that only two letters were different between the marks, the Court compared the marks *in their entirety*. The Court found sufficient evidence to uphold the Board's finding of no likelihood of confusion because (1) SARAH is a common proper name and SARDE is "distinctly uncommon;" and (2) because the two marks *sound entirely different* since even the first identical syllable is pronounced differently for each of the mark. *Id.* at 21.

Elderhostel cites no caselaw supporting its contention that the factfinder should ignore EXPLOR and compare only CA and TAS. This contention is legally incorrect.

**IV.**     **Conclusion**

For the foregoing reasons, the Court should grant Explorica's Motion.

4

Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ Mark S. Puzella
James C. Rehnquist (BBO No. 552602)
 *jrehnquist@goodwinprocter.com*
Mark S. Puzella (BBO No. 644850)
 *mpuzella@goodwinprocter.com*
R. David Hosp (BBO No. 634091)
 *rhosp@goodwinprocter.com*
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231

Dated: February 8, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 8, 2010.

/s/ Mark S. Puzella