IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>      Plaintiff,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>      Defendant. | Civil Action No. 09-11719-RGS |

**DEFENDANT ELDERHOSTEL'S OPPOSITION TO EXPLORICA'S
MOTION IN LIMINE TO PRECLUDE ELDERHOSTEL FROM
INTRODUCING EVIDENCE CONCERNING PRIOR UNRELATED LITIGATION**

Elderhostel respectfully requests that the Court permit it to cross-examine Mr. Olsson, pursuant to Federal Rule of Evidence 608(b), regarding a prior preliminary injunction against Mr. Olsson. The injunction was issued on the basis of alleged fraudulent conduct, and is therefore probative of Mr. Olsson's character for untruthfulness.

On May 30, 2001, the District Court of Massachusetts granted a preliminary injunction against Explorica and several of its employees, including Mr. Olsson, for alleged violations of the Computer Fraud and Abuse Act ("CFAA"). EF Cultural Travel BV v. Explorica, Inc., 274 F.3d 577, 580 (1st Cir. 2001). The First Circuit affirmed, concluding that "we agree with the district court that appellees will likely succeed on the merits of their CFAA claim under 18 U.S.C. § 1030(a)(4). Accordingly, the preliminary injunction was properly ordered." Id. at 585.

The claims on which the First Circuit and District Court found plaintiffs likely to succeed concerned violations of 18 U.S.C. § 1030(a)(4), which provides:

> [Whoever] knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value…shall be punished… .

The statute's fraudulent intent element makes the prior litigation involving Explorica and Mr. Olsson relevant to this case because it is probative of Mr. Olsson's character for untruthfulness. Rule 608(b) "explicitly grants district courts discretion to allow cross-examination of a witness about specific instances of misconduct as long as those instances are probative of his 'character for truthfulness or untruthfulness.'" U.S. v. Shinderman, 515 F.3d 5, 16 (1st Cir. 2008). In Shinderman, the First Circuit upheld the district court's decision to permit cross-examination of a defendant about prior unrelated conduct which was probative of his character for untruthfulness. There, the defendant, while filling out a medical licensure form five years earlier, incorrectly stated that he had never been arrested because he believed two drug-related arrests from about forty years earlier (which had not resulted in convictions) had been expunged. Id. at 16.

Explorica's arguments echo the failed arguments of Shinderman. Like Explorica, Shinderman moved to preclude references to his prior conduct on the ground that it would be unfairly prejudicial under Rule 403 and would violate Rule 404's general rule against introducing evidence of prior bad acts. Mot. in Limine at 3-4, U.S. v. Shinderman, 432 F. Supp. 2d 149 (D. Me. Jun. 30, 2006) (No. 05-cr-00067-P-H). Like Explorica, Shinderman emphasized that these prior acts were in the past and had nothing to do with the current case. The First Circuit affirmed the district court's denial of Mr. Shinderman's motion in limine and the district court's permitting cross-examination of defendant regarding his arrest-related answers. Shinderman, 515 F.3d at 16. Because Mr. Olsson's prior acts carried out in his work with Explorica are relevant to proving Mr. Olsson's character for untruthfulness, this Court should permit cross-examination about this injunction, pursuant to Rule 608(b).

The district court's discretion under Rule 608(b) is substantial. <u>United States v. Fortes</u>, 619 F.2d 108, 118 (1st Cir.1980); <u>United States v. Nogueira</u>, 585 F.2d 23, 25 (1st Cir. 1978). To protect against abuse, specific instances of conduct inquired into must be clearly probative of truthfulness or its opposite and must not be remote in time. Advisory Committee Notes to Fed. R. Evid. 608(b), Subdivision (b)(2).

Rule 102 of the Federal Rules of Evidence provides: "These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." If Mr. Olsson takes the stand his credibility will be a central issue in the trial. Evidence of the defendant's truthfulness or untruthfulness with respect to his work with Explorica will be highly probative. "The Federal Rules of Evidence clearly allow a witness to be impeached with prior instances of conduct probative of truthfulness or untruthfulness." <u>United States v. Covelli</u>, 738 F.2d 847, 856 (7th Cir 1984). Although Elderhostel does not believe any undue prejudice would result from the use of the challenged evidence, any undue prejudice could be eliminated with an appropriate instruction limiting the jury's consideration of the challenged evidence to the issue of Mr. Olsson's credibility.

For the foregoing reasons, Elderhostel respectfully requests that the Court deny Explorica's motion and permit Elderhostel to cross-examine Mr. Olsson regarding the permanent injunction which issued against him on the basis of fraudulent conduct.

BO1 16018610.1

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ELDERHOSTEL, INC. |
|  | By its attorneys, |
| Dated: February 10, 2010 | /s/ Michael A. Albert |

Michael Albert, BBO #558566
malbert@wolfgreenfield.com
Allen Rugg, BBO #674484
arugg@wolfgreenfield.com
Jeffrey C. O'Neill, BBO #663254
joneill@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: 617.646.8000
Fax: 617.646.8646

Ilan N. Barzilay, BBO # 643978
ibarzilay@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA  02210
Tel: 617.946.4800
Fax: 617.946.4801

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 I hereby certify that prior to filing the present motion counsel for Elderhostel conferred with counsel for Explorica who did not consent to the relief requested.

/s/ Michael A. Albert

### CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert