UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EXPLORICA, INC.

        Plaintiff,

  v.

ELDERHOSTEL, INC.
d/b/a EXPLORITAS,

        Defendant.

Civil Action No. 09-11719-RGS

**PLAINTIFF EXPLORICA, INC.'S MOTION TO STRIKE THE FEBRUARY 13, 2010 SUPPLEMENTAL EXPERT REPORT OF JULIA HUSTON AND TO PRECLUDE TESTIMONY BY MS. HUSTON REGARDING OPINIONS NOT IN HER ORIGINAL EXPERT REPORT**

Plaintiff Explorica requests that the Court strike the February 13, 2010 Supplemental Expert Report of Julia Huston and preclude Ms. Huston from offering opinions at trial that were not set forth in her original report in this case.

As set forth more fully in the accompanying Memorandum of Law, Defendant served Ms. Huston's Supplemental Report on Plaintiff at approximately 6:57 P.M. on Saturday, February 13, 2010, *with trial set to begin the next business day*. In her Supplemental Report Ms. Huston opines that an Office Action response by Explorica from October, 2000 supports her opinion that the EXPLORICA Mark is weak, that the travel field is crowded with EXPLOR formative marks, and that Explorica and Elderhostel offer their services to different customers. The Supplemental Report relies on *no new discovery*; rather Ms. Huston submits the Supplemental Report based on review of the file history for the EXPLORICA United States trademark registration, a

document that has been publically available for almost a decade.[1]  Ms. Huston reviewed this file history before filing her first Report on February 8, 2010.  (*See* Feb. 15 Declaration of Anthony H. Cataldo ("Cataldo Decl.") Ex. A, Feb. 8, 2010 Expert Report of Julia Huston (the "Original Report") at ¶ 6).  However, without any real explanation she has submitted a new report at the eleventh hour, resulting in substantial prejudice to Explorica.  The cited Office Action response has been available online since long before the commencement of this case and Ms. Huston does not deny that it was not only publicly available but also was in her possession before she filed her Original Report.

Further, the facts upon which Ms. Huston's opinions are based, as set forth in the Supplemental Report are of little relevance and any probative value is substantially outweighed by unfair prejudice to Explorica.  These facts involve different marks, in a different context, based on different facts than those at issue.  Discussion of these facts will only serve to confuse the jury and would create a separate mini-trial on a collateral issue.

## CONCLUSION

For the foregoing reasons and those set forth more fully in Explorica's Memorandum of Law, the Court should grant Explorica's Motion to Strike the Supplemental Expert Report of Julia Huston and Preclude Testimony By Ms. Huston Regarding Opinions Not In Her Original Expert Report.

---

[1] In her deposition, which occurred less than a week prior to the start of trial, Ms. Huston noted that she reserved the right to supplement or amend her report "[i]f an additional information were to come to light after the date of [her] report."  (Cataldo Decl. Ex. B, Feb. 10 Deposition of Julia Huston at 24:10 – 25:5). Setting aside the inherent problems with any an amended or supplemental report served between Ms. Huston's deposition and the first day of trial, Ms. Huston's new report is not based on any "additional information" that "came to light" since drafting of her first report; but rather on information that she could have reviewed and opined on the first time around.

        Respectfully submitted,

        EXPLORICA, INC.

        By its attorneys,

        /s/ Mark S. Puzella
        Mark S. Puzella (BBO No. 644850)
         *mpuzella@goodwinprocter.com*
        James C. Rehnquist (BBO No. 552602)
         *jrehnquist@goodwinprocter.com*
        R. David Hosp (BBO No. 634091)
         *rhosp@goodwinprocter.com*
        GOODWIN PROCTER LLP
        53 State Street
        Boston, Massachusetts  02109
        Tel.:  617.570.1000
        Fax:  617.523.1231

Dated: February 16, 2010

## **LOCAL RULE 7.1(A)(2) CERTIFICATE AND CERTIFICATE OF SERVICE**

       I, Mark S. Puzella, hereby certify that February 15, 2010, counsel for Explorica conferred in good faith with counsel for defendant, Elderhostel, Inc., concerning the matter set forth herein and the parties were unable to reach an agreement.

       I further certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 16, 2010.

        /s/ Mark S. Puzella