IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>    Plaintiff,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>    Defendant. | Civil Action No. 09-11719-RGS |

**DEFENDANT ELDERHOSTEL'S OPPOSITION
TO EXPLORICA'S MOTION IN LIMINE TO
<u>STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JULIA HUSTON</u>**

Ms. Huston's Supplemental Report concerns newly-discovered evidence (improperly withheld by Explorica during discovery) containing admissions against interest made by Explorica to the U.S. Trademark Office regarding the EXPLORICA mark.

The subject matter of Ms. Huston's Supplemental Report is limited to Trademark Office procedure – precisely the kind of testimony that the Court has already ruled is permitted from this witness.  (<u>See</u> Electronic Order of 2/15/09 at 12:20 p.m.)

According to documents from the EXPLORICA file history, the mark EXPLORICA was initially rejected over a prior application to register EXPLORA, owned by a third party.  In responding to this rejection, Explorica argued that "there is no likelihood of confusion between its EXPLORICA mark and the prior applicant's EXPLORA," because:

    (1)    "the marks are sufficiently different in sound and appearance;" since "[t]he Applicant's mark EXPLORICA incorporates the two additional syllables 'I-CA;'"

    (2)    "the root term EXPLOR is highly diluted in this industry, and is therefore a 'weak' component entitled to a narrow scope of protection;" and

1

(3)   "Applicant markets to students, student groups, and teachers interested in traveling abroad" while "[t]he prior applicant markets to adults."

(Huston Supp. Rpt. ¶ 9 & Ex. P).

Despite Elderhostel's Document Request 14 for "All documents relating to the prosecution of your registered trademarks," and Request 12 for "All documents relating to any marks or website addresses that begin with 'Explor,'" Explorica *deliberately withheld* this critical portion of its EXPLORICA file history. Throughout this litigation, including during the preliminary injunction hearing, Explorica has consistently taken positions that are contrary to the admissions it made to the PTO in order to secure its registration for the trademark EXPLORICA. The First Circuit holds such evidence to be relevant in trademark cases. See Boston Duck Tours, LP v. Super Duck Tours, LLC, 532 F.3d 1, 22-23 (1st Cir. 2008) (holding that prior inconsistent statements made to the PTO by a defendant were properly considered as evidence going to the scope of protection of a mark asserted against it); see also Freedom Card, Inc. v. JPMorgan Chase & Co., 432 F.3d 463, 476 (3d Cir. 2005) (plaintiff's representations to PTO regarding third-party use of "freedom" undermined its case that there was confusion with its "freedom"-containing mark).

In preparing for trial, Elderhostel discovered that the documents produced by Explorica did not contain the entire file history. Ms. Huston was not in possession of the relevant file history documents – in particular, a response to Office Action filed by Explorica's trademark lawyer at Goodwin Procter LLP (the same firm now representing Explorica at trial) – at the time she prepared her original report, due to Explorica's failure to comply with its discovery obligations. Ms. Huston's Supplemental Report concerns this newly-discovered evidence, and will be highly relevant and helpful to the trier of fact in understanding both its context within the

2

trademark application process and its content (as it is a series of communications between trademark attorneys and is written in the jargon of the field).

The parties have already briefed the issue of whether Ms. Huston's testimony regarding trademark application practice and procedure will be helpful to the jury, and the Court has already resolved the issue in Elderhostel's favor. (See Electronic Order of 2/15/09 at 12:20 p.m.)

Ms. Huston's testimony regarding this document will be helpful in giving the jury an understanding of what an Office Action is and in explaining the process by which Explorica was able to obtain its registration by filing the Office Action response addressing the Examiner's concerns. Since the file history is written in the terminology of the art, as communications between trademark attorneys, Ms. Huston's testimony will also be helpful to the jury's understanding of what these documents mean.

The Supplemental Huston Report is thus highly relevant to explain the representations made by Explorica in order to obtain its trademark registration. These admissions against interest directly support arguments Elderhostel is making in this litigation, and contradict positions Explorica has been taking.

Without citation to the record, Explorica incorrectly asserts that the Examiner rejected the claim that numerous "EXPLOR" marks exist in a crowded field. Explorica represents to the Court that "Explorica's application was granted only after the EXPLORA application was abandoned." (Explorica Motion at 5). This statement is highly misleading: In fact, the EXPLORA application was revived within two months of its unintentional abandonment, more than a year *before* the EXPLORICA mark was registered.

Elderhostel has no interest in "relitigating" the Office Action, as Explorica claims. Rather, Elderhostel seeks to inform the jury of the outright admissions that Explorica made

3

during the prosecution of its trademark. Explorica's cross examination of Ms. Huston will not constitute "relitigating" the registrability of Explorica's mark, since that is not an issue in this case. The evidence instead goes to the issue being decided here, namely the likelihood of confusion, which requires (as the Court correctly informed the jury this morning) consideration of the strength of the EXPLORICA mark, an analysis that, as the First Circuit holds, is properly informed by Explorica's prior admissions to the PTO. First Circuit law is that prior inconsistent statements before the PTO by a trademark registrant are relevant to the scope of protection of an asserted mark. See Boston Duck Tours, 532 F.3d at 22-23.

Elderhostel did not "delay" in filing Ms. Huston's Supplemental Report – indeed, it was prepared and served within 48 hours after discovering the file history evidence that Explorica improperly withheld. Explorica itself has been producing new evidence – including no less than three depositions over the course of the past three weekend days – as to which there is no such excuse. Given Explorica's last-minute depositions, many of which were taken with barely a few hours' notice to Elderhostel on the eve of trial, Explorica can hardly argue that Ms. Huston's Supplemental Report – relating to a file history document created by Explorica's own lawyers – is unduly prejudicial. Indeed, any delay in discovering the evidence necessitating the Supplemental Report is Explorica's own fault for failing to comply with its discovery obligation to produce these documents when duly and expressly requested during discovery.

The content of the report also is not unduly prejudicial, since the conclusions and opinions therein are based solidly on the facts of the case. Flebotte v. Dow Jones & Co., Inc., No. Civ.A. 97-30117-FHF, 2000 WL 35538296, at *6 (D. Mass. Dec. 22, 2000) (since the expert's testimony was "based on facts enabling him to express a reasonably accurate conclusion … there is no danger of unfair prejudice."). A supplemental expert report should not be stricken

4

merely because time is short and the opponent wishes to challenge its contents; such a challenge may meaningfully be made by cross-examination at trial.  <u>Akamai Techs., Inc. v. Limelight Networks, Inc.</u>, No. 06-11109-RWZ, 20008 WL 364401, at *3 (D. Mass. Feb. 8, 2008).  The documents underlying Ms. Huston's opinions are clearly admissible as admissions of a party opponent, and the documents are undisputedly self-authenticating as government records.  Nothing in the EXPLORICA file history could possibly be surprising to Explorica, since it is Explorica's own prosecution record.

For the foregoing reasons, Elderhostel respectfully requests that the Court deny Explorica's motion.

                                      Respectfully submitted,

                                      ELDERHOSTEL, INC.

                                      By its attorneys,

Dated:  February 16, 2010        /s/ Michael A. Albert
                                      Michael Albert, BBO #558566
                                      malbert@wolfgreenfield.com
                                      Allen Rugg, BBO #674484
                                      arugg@wolfgreenfield.com
                                      Jeffrey C. O'Neill, BBO #663254
                                      joneill@wolfgreenfield.com
                                      WOLF, GREENFIELD & SACKS, P.C
                                      600 Atlantic Avenue
                                      Boston, Massachusetts 02210
                                      Tel: 617.646.8000
                                      Fax: 617.646.8646

                                      Ilan N. Barzilay, BBO # 643978
                                      ibarzilay@seyfarth.com
                                      SEYFARTH SHAW LLP
                                      Two Seaport Lane, Suite 300
                                      Boston, MA  02210
                                      Tel: 617.946.4800
                                      Fax: 617.946.4801

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                    /s/ Michael A. Albert