IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>      Plaintiff,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>      Defendant. | Civil Action No. 09-11719-RGS |

**DEFENDANT ELDERHOSTEL'S MOTION IN LIMINE TO
EXCLUDE THE TESTIMONY OF THYRA IRENE VON KASZNER**

At her deposition, Lufthansa employee Ms. Von Kaszner stated that she sent a contract intended for Exploritas to Explorica instead. (Von Kaszner Tr. 21:23-22:4). When asked how this had happened, she explained that it was a result of carelessness, not of confusion:

**Q.**  Are you aware of how the mistake happened in this instance?
**A.**  Yes.
**Q.**  How?
**A.**  I'm not an expert in IT, but when we send e-mails, it remembers the one used more often and I think what happened here, it picked up Explorica instead of Exploritas and I sent it without double-checking assuming that it went to the correct one.

(Von Kaszner Tr. 22:21-23:7).

Such carelessness is ***not*** confusion under the Lanham Act. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 201 (1st Cir. 1996) ("confusion resulting from the consuming public's carelessness, indifference, or ennui" is not objectionable under the Lanham Act); Therma-Scan, Inc. v. Thermoscan, Inc., 295 F.3d 623, 636 (6th Cir. 2002) (highlighting the distinction between carelessness and confusion); Duluth News Tribune v. Mesabi Pub. Co., 84 F.3d 1093 (8th Cir. 1996) (rejecting claim of actual confusion

1

and finding that misdirected mail and phone calls showed "inattentiveness on the part of the caller or sender rather than actual confusion.").

The fact that a misdirected communication came by e-mail is enough by itself to "raise[] the possibility that consumers sent the inquiries [to the wrong party] because they were inattentive or careless, as opposed to being actually confused." Therma-Scan, 295 F.3d at 636. Here, we have direct, unambiguous testimony that the Lufthansa-Exploritas contract was sent to Explorica only through carelessness and not through confusion. Lufthansa's e-mail software substituted Explorica for the address Ms. Von Kaszner meant to type, and she "sent it without double-checking." (Von Kaszner Tr. 23:7).

Because the events described by Ms. Von Kaszner do no evidence confusion, her testimony is irrelevant. Her testimony would be unfairly prejudicial, however, since the jury could mistakenly believe the kind of error she describes to be evidence of confusion.

Ms. Von Kaszner's testimony is also inadmissible hearsay. Her testimony consists of what people told her while she was on vacation and her description of documents that are not in evidence. She testified that she accidentally sent an email to Elderhostel instead of Exploritas and went on vacation the next day. She further testified that while she was on vacation, other employees noticed the and corrected it. (Von Kaszner Tr. 31:2-14). Her only basis for believing that she sent the email or that it was actually sent to Explorica by mistake are other documents she has purportedly seen (Von Kaszner Tr. 25:18 – 26:17, 27:6 -28:22), but these documents are not in evidence and were not even in front of the witness while she was testifying as to their supposed contents.

For the foregoing reasons, Elderhostel respectfully requests that the Court exclude Ms. Von Kaszner's testimony regarding the Exploritas contract being purportedly sent to Explorica.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ELDERHOSTEL, INC. |
|  | By its attorneys, |
| Dated: February 18, 2010 | /s/ Michael A. Albert |
|  | Michael Albert, BBO #558566 |
|  | malbert@wolfgreenfield.com |
|  | Allen Rugg, BBO #674484 |
|  | arugg@wolfgreenfield.com |
|  | Jeffrey C. O'Neill, BBO #663254 |
|  | joneill@wolfgreenfield.com |
|  | WOLF, GREENFIELD & SACKS, P.C |
|  | 600 Atlantic Avenue |
|  | Boston, Massachusetts 02210 |
|  | Tel: 617.646.8000 |
|  | Fax: 617.646.8646 |
|  |  |
|  | Ilan N. Barzilay, BBO # 643978 |
|  | ibarzilay@seyfarth.com |
|  | SEYFARTH SHAW LLP |
|  | Two Seaport Lane, Suite 300 |
|  | Boston, MA 02210 |
|  | Tel: 617.946.4800 |
|  | Fax: 617.946.4801 |

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert

3