IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>   Plaintiffs,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>   Defendants. | Civil Action No. 09-11719-RGS |

**ELDERHOSTEL'S MOTION TO STRIKE**
**IMPROPER EXPERT TESTIMONY OF CYNTHIA WALDEN**

Two portions of Explorica's recently-served expert report of Cynthia Walden are contrary to law and to this Court's prior ruling regarding the scope of such expert testimony. Assuming that Ms. Walden is allowed to testify at all[1], Defendant Elderhostel moves to preclude Ms. Walden from offering opinions at trial regarding (a) the weight that should be given by the jury to the Examiner's decision, and (b) the PTO's workload. The Court has already ruled that the first of these issues is outside the scope of proper expert testimony in this case; and the second has routinely been held to be improper as well.

  **A. Ms. Walden Should Be Precluded from Testifying About**
    **The Weight To Which an Examiner's Decision Is Entitled**

Ms. Walden should be precluded from testifying about the weight an examiner's decision should be given, as the Court has already ruled that such testimony is improper. Indeed, the Court has precluded Elderhostel's expert, Ms. Huston, from offering such an opinion.

---

[1] Elderhostel identified all its witnesses (including experts) on the date ordered by the Court, i.e. February 8 (D.I. 39). Explorica did not identify Ms. Walden on its list (D.I. 72), nor on its amended February 12 witness list (D.I. 97). Explorica first identified her on February 17, 2010 (the third day of trial), and did not produce her report until Friday, February 19, 2010, the next-to-last day of trial. Even in an expedited trial, the Court's orders should still be respected and Explorica should not be allowed to ambush Elderhostel with an eleventh-hour witness.

By order dated February 15, 2010 (D.I. 92), the Court ruled that a trademark law expert should not "be permitted to testify as to the weight to be given by the jury to the examiner's decision" because this "comes too uncomfortably close to the function of the court." Yet in paragraph 13 of her expert report (attached hereto as Exhibit A), Ms. Walden offers just such an opinion, stating that "the Examining Attorney's allowance of a mark carries very little weight in subsequent proceedings challenging the decision."

Thus, consistent with its ruling regarding Ms. Huston, the Court should also preclude Ms. Walden from testifying as to the weight to be given to the Examiner's decision.

### B.   Ms. Walden Should Be Precluded from Testifying About the PTO's Workload and Its Effect Upon the Validity of the EXPLORITAS Mark.

Ms. Walden should be precluded from testifying about the purportedly "heavy workload demands that Examining Attorneys are operating under" (Ex. A, ¶ 9), and from inviting the jury to draw an adverse inference regarding the validity of the EXPLORITAS mark based on the PTO's alleged workload. Trademarks, like patents, issued by the PTO are presumed valid.[2] Courts have repeatedly held that allowing testimony about the alleged workload of the PTO is inadmissible because it would undermine this presumption of validity. See, e.g., Neutrino Development Corp. v. Sonosite, Inc., 410 F.Supp.2d 529, 544 (S.D.Tex. 2006) ("The Court finds that, to the extent that [expert's] testimony simply addresses the potential pressures and potential for error at the PTO, such testimony is inadmissible."); Tap Pharmaceutical Products, Inc. v. Owl Pharmaceuticals, L.L.C., No. 1:99 CV 2715, 2003 WL 25695241, at *1 (N.D.Ohio Feb. 18, 2003) ("Testimony by [expert] about the relative shortage of patent examiners at the PTO is

---

[2] 15 U.S.C. § 1057(b): "A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate."

inadmissible."); Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc., No. C 92-20643 RMW, 1995 WL 261407, at *3 (N.D.Cal. 1995) ("Testimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office does not do its job properly is excluded. Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office.")

The same principle applies to the statutory presumption regarding the validity of registered trademarks under 15 U.S.C. § 1057(b), which enjoy the same statutory presumption of validity as patents. See Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc., 892 F.2d 1021, 1024 (Fed. Cir. 1989) (citing 15 U.S.C. § 1057(b) for the proposition that a trademark "registrant benefits from a presumption of validity"); see also Bausch & Lomb, Inc. v. Alcon Laboratories, Inc., 79 F.Supp.2d 252, 255-56 (W.D.N.Y. 2000) ("generalized testimony about 'problems' in the PTO is not admissible").

In sum, courts routinely preclude experts from opining on workload, pressures, and/or potential sources of error in the PTO. This Court should do the same, and preclude Ms. Walden from opining that the PTO's "heavy workload" result in "cursory and imperfect" reviews by Examining Attorneys or other such opinions.

### C. Rule 37 Precludes Ms. Walden's Expert Report And Her Testimony At Trial Because of Untimely Disclosure

Fed. R. Civ. P. 37(c)(1) prohibits the use of witnesses who have not been properly disclosed. Preclusion is the ordinary remedy for violations of Rule 26 discovery deadlines. Klonoski v. Mahlab, 156 F. 3d 255, 269 (1st Cir. 1998) (noting that the 1993 amendment to Rule 37(c) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and **the required sanction in the ordinary case is mandatory preclusion**."). Rule 37(c)(1) "provides a 'self-executing sanction' for failure to make

3

evidentiary disclosures required by the Federal Rules." Hipsaver Co., Inc. v. JT Posey Co., 497 F. Supp. 2d 96, 103 (D. Mass. 2007) (quoting Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R., 248 F.3d 29, 33 (1st Cir. 2001)).

Here, even though the trial has been expedited, the Court nonetheless set a schedule that the parties were required to follow. This included identifying trial witnesses by February 8 (D.I. 39). Elderhostel identified **all** its witnesses – including experts – on that date. Explorica did not identify Ms. Walden on its list (D.I. 72), nor did it identify her on its amended February 12 witness list (D.I. 97). Explorica did not identify her until February 17, 2010 (the third day of trial), and did not produce her report until Friday, February 19, 2010, the next-to-last day of trial. Explorica should not be allowed to violate the Court's order and ambush Elderhostel with an eleventh-hour witness. See Freund v. Fleetwood Enterprises, Inc., 956 F. 2d 354, 357-58 (1st Cir. 1992) (affirming preclusion of expert where testimony was not disclosed until eve of trial and "defendants did not learn of the substance of [expert's] testimony until they deposed him on February 23, in the midst of trial."); see also Thibeault v. Square D Co., 960 F. 2d 239, 246-47 (1st Cir. 1992) (same).

## Conclusion

For the above reasons, the Court should preclude Ms. Walden from testifying. At a minimum, the Court should limit her testimony to preclude Ms. Walden from offering opinions at trial regarding (a) the weight that should be given by the jury to the Examiner's decision or (b) the PTO's workload or potential for error.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ELDERHOSTEL, INC. |
|  | By its attorneys, |
| Dated:  February 22, 2010 | /s/ Michael A. Albert<br>Michael Albert, BBO #558566<br>malbert@wolfgreenfield.com<br>Allen Rugg, BBO #674484<br>arugg@wolfgreenfield.com<br>Jeffrey C. O'Neill, BBO #663254<br>joneill@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel: 617.646.8000<br>Fax: 617.646.8646 |
|  | Ilan N. Barzilay, BBO # 643978<br>ibarzilay@seyfarth.com<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA  02210<br>Tel: 617.946.4800<br>Fax: 617.946.4801 |

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1 I hereby certify that prior to filing the present motion counsel for Elderhostel conferred with counsel for Explorica who did not consent to the relief requested.

/s/ Michael A. Albert

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert