IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>       Plaintiffs,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>       Defendants. | Civil Action No. 09-11719-RGS |

**ELDERHOSTEL'S MOTION TO EXCLUDE
PURPORTED EMAIL FROM PUTNAM TO EXPLORICA [CORRECTED]**

Explorica intends to introduce into evidence what appears to be an email from "info@explorica.com" to "Explorica." (Proposed Exhibit HZ, "Putnam Record"). This email was disclosed to Elderhostel at approximately 11pm on Sunday, February 21, 2010, and is dated at 10:12 AM on the same day. The body of the email appears to be a record of a purported customer contact from a Louise Putnam. Ms. Putnam allegedly went to www.exploritas.org but had difficulty finding her Exploritas program. Her account is curious, because typing in the URL she identifies (www.exploritas.org/14596AKK) in fact does lead to the program page she was seeking ("Spain and Morocco: Shared Histories, Complementary Cultures"). According to her account, however, she was unable to reach the website for her program. Somehow, despite her correct identification of the www.exploritas.org website, she purportedly contacted Explorica for assistance. This evidence is inadmissible because it is hearsay and because it is not evidence of actual confusion as it is quite likely to be a result of carelessness or lack of prudence. Without an opportunity to cross-examine Ms. Putnam, it is impossible to know what truly happened.

Given the last-minute nature of the disclosure, admitting the Putnam Record would not be "harmless" to Elderhostel as required by Rule 37 and thus it should be excluded.

The Court has already excluded the confusion log of Ms. Dunn as improper hearsay. The Putnam Record is also an Explorica record of a purportedly confused customer and should also be excluded as hearsay. Vitek Sys., Inc. v. Abbott Labs., 675 F.2d 190, 193 (8th Cir. 1982) (holding that testimony of plaintiff's employees that customers told them that they were confused by the marks is "hearsay in nature" and "one of the most unsatisfactory [kinds of evidence] because it is capable of such varying interpretations"); Michael Caruso & Co. v. Estefan Enterprises, Inc., 994 F. Supp. 1454, 1462 n.3 (S.D. Fla. 1998) (evidence of communications to senior user seeking junior user "is inadmissible hearsay and thus of no evidentiary value."); Alchemy II v. Yes! Entertainment Corp., 844 F. Supp. 560, 570 (C.D. Cal. 1994) (evidence of purportedly confused telephone callers to plaintiff directed is "inadmissible hearsay").

Attempts by a plaintiff to offer indirect evidence of purported "actual confusion" are routinely rebuffed by the courts. Testimony from employees regarding third parties' purported confusion is particularly unreliable because, in addition to being hearsay, the employees are not disinterested witnesses. See Vitek, 675 F.2d at 193; Paco Sport, Ltd. v. Paco Rabanne Parfums, 86 F.Supp.2d 305 (S.D.N.Y. 2000), aff'd 234 F.3d 1262 (2d Cir. 2000) (noting that employee testimony "that recounts certain third party confusion was textbook hearsay" and that at trial plaintiff "failed to call a single disinterested witness"). As one court noted:

> Courts are generally disinclined to view such employee testimony as reliable and many find it excludable under the rationale that it is hearsay evidence. We follow the rationale of these decisions by concluding that Plaintiffs' second hand accounting is particularly unreliable given the lack of opportunity for cross-examination of the caller or sender regarding the reason for the confusion.

A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc., 57 F.Supp.2d 155 (E.D.Pa. 1999), aff'd in relevant part, 237 F.3d 198, 227 (3rd Cir. 2000) (internal quotations omitted).

 The Putnam Record is contained in the body of an email from one Explorica email address to another, raising serious doubts as to its authenticity and compounding already significant hearsay concerns.  Elderhostel has no way of knowing whether this email is what it appears to be, who Ms. Putnam is, or who sent or received the Putnam Record, which is directed from "info@explorica.com" to "Explorica."  Even if an Explorica witness testified that the Putnam Record was generated from information submitted to Explorica by a third party, they could not authenticate the contents of the Putnam Record and demonstrate that Ms. Putnam actually submitted the information based on experiences she actually had.

 The fact that Ms. Putnam says she knew that Exploritas.org as Elderhostel's web domain yet purportedly requested help from Explorica.com strongly points to carelessness as the cause of this supposed contact, rather than actionable confusion as to source.  Therma-Scan, Inc. v. Thermoscan, Inc., 295 F.3d 623, 636 (6th Cir. 2002) (the fact that a misdirected communication came by e-mail is enough by itself to "raise[] the possibility that consumers sent the inquiries [to the wrong party] because they were inattentive or careless, as opposed to being actually confused."); see Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 201 (1st Cir. 1996) ("confusion resulting from the consuming public's carelessness, indifference, or ennui" is not objectionable under the Lanham Act); Duluth News Tribune v. Mesabi Pub. Co., 84 F.3d 1093 (8th Cir. 1996) (rejecting claim of actual confusion and finding that misdirected mail and phone calls showed "inattentiveness on the part of the caller or sender rather than actual confusion.").

BO1 16018610.1

Today is likely to be the last day of trial, and it would be highly prejudicial to Elderhostel to be confronted with surprise evidence with no opportunity to cross-examine the purportedly confused individual, particularly when the Putnam Record presents on its face serious doubts as to authenticity and relevance.

For the foregoing reasons, Elderhostel respectfully requests that the Court exclude the Putnam Record, Proposed Exhibit HZ.

Respectfully submitted,

ELDERHOSTEL, INC.

By its attorneys,

Dated:  February 22, 2010

/s/ Michael A. Albert
Michael Albert, BBO #558566
malbert@wolfgreenfield.com
Allen Rugg, BBO #674484
arugg@wolfgreenfield.com
Jeffrey C. O'Neill, BBO #663254
joneill@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: 617.646.8000
Fax: 617.646.8646

Ilan N. Barzilay, BBO # 643978
ibarzilay@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA  02210
Tel: 617.946.4800
Fax: 617.946.4801

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice

of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert