IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>       Plaintiffs,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>       Defendants. | Civil Action No. 09-11719-RGS |

**ELDERHOSTEL'S PROPOSAL FOR POST-TRIAL DISCOVERY AND
BRIEFING ON DAMAGES AND EQUITABLE CLAIMS FOR RELIEF**

Pursuant to the Court's request following the jury verdict on February 23, 2009, the parties have discussed a schedule for post-trial discovery and briefing on Explorica's claims for damages and equitable relief, but the parties have been unable to come to an agreement.

Explorica seems to assume that it is entitled to an immediate permanent injunction, but such an assumption would be incorrect. As the Court stated at the pretrial conference, this case is about reverse confusion. The jury found in Elderhostel's favor on that issue. Although it found in Explorica's favor on the issue of direct confusion – which, as will be argued in post-trial motions, is a finding unsupported by the evidence – Explorica has made no showing of any need for injunctive relief for direct confusion, let alone the sort of sweeping permanent injunction that its scheduling request of today's date seems to envision. See Nexxus Products Co. v. CVS New York, Inc., 188 F.R.D. 11, 14 (D. Mass. 1999). In the First Circuit and elsewhere, a plaintiff "is entitled only to such protection as will eliminate the likelihood of confusion." Aktiebolaget Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5 (1st Cir. 1993) (upholding injunction requiring use of house mark in conjunction with conflicting mark); Int'l Olympic Committee v. San

Francisco Arts & Athletics, 781 F.2d 733, 737 (9th Cir. 1986) ("the court must apply the rule that injunctions are not awarded if any lesser relief will protect the trademark holder").

By order dated November 13, 2009, discovery was opened solely on issues relating to the preliminary injunction, which of course did not include damages. The period of damages discovery is therefore only commencing now, and the parties have stipulated that "reasonable" discovery – requiring a "reasonable" amount of time – should be conducted to complete that process. (Stipulation dated February 11, 2010; filed as D.I. 90). Explorica has no reason to complain about the pace at which this case is proceeding. Thanks to the expedited trial schedule, this case has proceeded far more rapidly than most.

Because Explorica has yet to set forth the legal and factual basis for any of its claims for damages or equitable relief, Elderhostel does not know the full extent of the discovery it will need from Explorica. Elderhostel proposes that Explorica be required to answer an interrogatory explaining its legal and factual basis for damages and equitable relief prior to any other post-trial discovery, and that the parties adhere to the following schedule:

- March 1, 2010 – Elderhostel serves Explorica with a single interrogatory asking Explorica to set forth the full factual and legal basis for its claims for damages and equitable relief.

- March 3, 2010 – Explorica answers the interrogatory of March 1, 2010.

- March 5, 2010 – Both parties serve document requests and interrogatories.

- March 19, 2010 – Both parties respond to written discovery and produce responsive documents.

- April 2, 2010 – Parties complete no more than one Rule 30(b)(6) deposition and one individual deposition per side.

- April 16, 2010 – Explorica files its opening brief (pursuant to the Local Rules' page limits).

- April 30, 2010 – Elderhostel files its opposition brief (pursuant to the Local Rules' page limits).

- Hearing at the Court's convenience.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ELDERHOSTEL, INC. |
|  | By its attorneys, |
| Dated:  February 26, 2010 | /s/ Michael A. Albert<br>Michael Albert, BBO #558566<br>malbert@wolfgreenfield.com<br>Allen Rugg, BBO #674484<br>arugg@wolfgreenfield.com<br>Jeffrey C. O'Neill, BBO #663254<br>joneill@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel: 617.646.8000<br>Fax: 617.646.8646<br><br>Ilan N. Barzilay, BBO # 643978<br>ibarzilay@seyfarth.com<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA  02210<br>Tel: 617.946.4800<br>Fax: 617.946.4801 |

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert

BO1 16018610.1