UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>       Plaintiff,<br><br>v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>       Defendant. | Civil Action No.  09-11719-RGS |

**EXPLORICA, INC.'S CONCISE STATEMENT REGARDING
THE NATURE OF EQUITABLE AND LEGAL RELIEF SOUGHT**

Pursuant to the Court's March 1, 2010 Order on Post-Trial Discovery, Plaintiff Explorica, Inc. ("Explorica") submits this Concise Statement of Equitable and Legal Relief Sought.[1]

**A. Equitable Relief**

Explorica requests that the Court immediately and permanently enjoin Elderhostel, its employees, agents, servants, and all in privity with it, from using any marks confusingly similar to the EXPLORICA Marks, including, but not limited to Elderhostel's EXPLORITAS mark and stylized "E" logo, or any derivatives thereof or any designs similar thereto, in commerce, including, but not limited to, uses on the Internet or in connection with catalogs or any other promotional material.  Further, Explorica requests that the Court order Elderhostel to destroy any

---

[1] Despite Defendant Elderhostel, Inc.'s ("Elderhostel") claims to the contrary, Explorica has made clear its claims for both equitable relief and damages since the beginning of this litigation.  *See* Compl., Dkt. No. 1, at 21; Am. Compl., Dkt. No. 24, at 20; Mot. for Preliminary Injunction, Dkt. No. 9, at 2; [Proposed] Order Granting Explorica, Inc.'s Mot. for Preliminary Injunction, Dkt. No. 9-1; Opp. to Elderhostel's "Emergency" Mot. for Summary Judgment on Damages, Dkt. No. 53.

1

existing promotional or other material bearing the EXPLORITAS mark and stylized "E" logo or any derivatives thereof or designs similar thereto.

Explorica is entitled to such relief pursuant to 15 U.S.C. §§ 1116 and 1118 and established First Circuit precedent.[2]  Explorica has diligently sought preliminary and permanent injunctive relief and has incurred enormous expense and devoted significant time to protect its rights – all while suffering ongoing irreparable harm to its goodwill.  Explorica was required to conduct more than three months of expedited discovery including the production of tens of thousands of pages of documents and 16 depositions, and prepare for and conduct a week-long jury trial.  At the conclusion of the trial, the jury delivered a unanimous verdict that: (i) "Explorica established by a preponderance of the evidence that Elderhostel's EXPLORITAS mark is substantially similar to its EXPLORICA mark"; (ii) "Explorica established direct confusion by a preponderance of the evidence, that is, that because of the similarity of the marks, potential customers are likely to be confused into mistakenly believing that Explorica is the source or sponsor of Elderhostel's services, or that potential Explorica customers are likely to be diverted to Elderhostel"; and (iii) "Explorica [established] by a preponderance of the evidence that direct or indirect confusion will cause it to lose future segments of the travel market into which it or Elderhostel has present plans to expand." Jury Verdict, Dkt. No. 114.

Without an immediate permanent injunction, Explorica will continue to be damaged in the marketplace.  Given the jury's verdict findings of existing infringement and that the infringement will cause Explorica additional future harm by limiting its established plans to further expand into adjacent markets, a permanent injunction is necessary to protect Explorica's

---

[2]     Explorica also is entitled to an injunction pursuant to Mass. Gen. L. ch. 110H § 13.

marks and goodwill.  Anything less than a full injunction will inadequately protect Explorica's established rights and third-party consumers.

Pursuant to 15 U.S.C. § 1119 Explorica also requests that the Court order the USPTO to cancel Elderhostel's federal registration for the infringing EXPLORITAS Mark, Reg. No. 3,729,057.

### B. Damages

Explorica also requests that the Court award damages pursuant to 15 U.S.C. § 1117 to account for Explorica's lost profits, Elderhostel's profits earned through its infringement, corrective advertising costs, and fees and costs associated with this litigation.

#### 1. Explorica's Lost Profits

As a result of Elderhostel's infringement, Explorica's new business has decreased substantially resulting in significant present and future lost profits.  Explorica is entitled to recovery for these losses.

#### 2. Elderhostel's Profits

In the alternative, Elderhostel's profits generated through its use of the infringing mark EXPLORITAS since October 1, 2009 should be awarded to Explorica as a proxy for its damages.

#### 3. Corrective Advertising

Explorica also is entitled to a damages award related to the cost of corrective advertising to repair the damage and confusion that has resulted from Elderhostel's use of a confusingly similar mark, regardless of the direction of confusion.

**4. Exceptional Case**

Pursuant to 15 U.S.C. § 1117 Explorica also is entitled to an award of attorneys' fees and costs based on Elderhostel's obstructionist and improper litigation tactics. For example, Elderhostel's fact and expert witnesses each took the unsupportable position in their depositions that Elderhostel was not an "educational travel company," despite the fact that numerous internal Elderhostel documents expressly characterize it as such. Explorica was required to spend substantial time and effort to rebut these incredible positions. Elderhostel also repeatedly and misleadingly contended that less than 10 percent of its business involved travel, but it refused to produce any revenue or other documents that disproved the assertion. For these and many other reasons, this is an "exceptional case" and Explorica should be awarded its attorneys' fees and costs.

Respectfully submitted,

EXPLORICA, INC.,

By its attorneys,

Dated: March 12, 2010

/s/ Mark S. Puzella
Mark S. Puzella (BBO No. 644850)
  mpuzella@goodwinprocter.com
James C. Rehnquist (BBO No. 552602)
  jrehnquist@goodwinprocter.com
R. David Hosp (BBO No. 634091)
  rhosp@goodwinprocter.com
Michael T. Jones (BBO No. 661336)
  mjones@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231

## CERTIFICATE OF SERVICE

      I, Mark S. Puzella, hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 12, 2010.

                                                /s/ Mark S. Puzella
                                                Mark S. Puzella