UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11719-RGS

EXPLORICA, INC.

v.

ELDERHOSTEL, INC. d/b/a EXPLORITAS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR EXTENSION OF TIME

April 13, 2010

STEARNS, D.J.

On three of the four contested areas of recovery, it would appear from the transcript of the 30(b)(6) deposition of Explorica's Chief Financial Officer that Explorica provided all that could reasonably be expected by way of facts and figures supporting its contentions. The fourth contested area – disgorgement of profits[1] – is not an issue of damages in the conventional sense. (Elderhostel has a far better grip on its actual profits than any information it could glean from Explorica's estimates). Disgorgement is mostly an equitable remedy reserved for the court. An accounting is not intended as a penalty or as a mathematical exercise, but is an option available to the court to insure that a plaintiff is made whole. "'[I]f the court . . . find[s] that the amount of the recovery based on [defendant's] profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.'" Visible Sys. Corp. v. Unisys Corp., 551 F.3d 65, 78 (1st Cir. 2008), quoting 15 U.S.C. § 1117(a).

---

[1] More accurately, an accounting. See 15 U.S.C. § 1117(a).

The factors to be applied by the court are familiar. "This circuit, like others, has recognized three rationales for awarding to the plaintiff an accounting of the defendant's profits: '(1) as a rough measure of the harm to plaintiff; (2) to avoid unjust enrichment of the defendant; or (3) if necessary to protect the plaintiff by deterring a willful infringer from further infringement.' The sufficiency of the evidence must be evaluated against each of the rationales for an award of the defendant's profits." Id. at 79, quoting Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 36 (1st Cir. 2002).

The lesson is fairly simple. If after considering the relief due to Explorica under one or all of the three other proposed remedies, the court concludes that justice has not been done, it may order an accounting and award Explorica some or all of defendant's profits. This, however, is a consideration for the court, not for a Rule 30(b)(6) witness. As the witness's exercise of attorney-client privilege at her deposition on what is purely an issue of law was entirely appropriate, I find defendant's complaints of surprise and improper withholding to be without merit.

While I am reluctant to reward defendant for its procrastination, I will extend the discovery schedule by seven (7) days to ensure that a proper brief is filed.

ORDER

For all of the foregoing reasons, Elderhostel's motion for extension of time is DENIED in part and GRANTED in part. Elderhostel's briefing on damages is now due on April 21, 2010. All other pending deadlines are also extended by seven days.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE