# **Exhibit C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXPLORICA, INC.<br><br>             Plaintiff,<br>   v.<br><br>ELDERHOSTEL, INC.<br>d/b/a EXPLORITAS,<br><br>             Defendant. | Civil Action No.  09-11719-RGS |

**PLAINTIFF EXPLORICA, INC.'S SECOND SET OF DOCUMENT REQUESTS TO DEFENDANT ELDERHOSTEL, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's March 1, 2010 Order on further discovery, plaintiff Explorica, Inc. ("Explorica"), by its undersigned counsel, hereby requests that defendant Elderhostel, Inc. ("Elderhostel") produce the documents and things described herein.  The responsive documents are to be produced at the offices of Goodwin Procter LLP, 53 State Street, Exchange Place, Boston, Massachusetts 02109, by March 25, 2010.

**DEFINITIONS**

For the purpose of these Requests and answers thereto, the following definitions shall apply:

1.      The definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2.      "You" or "your" refers to and includes the persons or entities to whom or to which this request is directed.

3.      The term "Elderhostel," as used herein means Defendant Elderhostel, Inc. d/b/a Exploritas and any and all former or present subsidiaries, affiliates, parents, directors,

1

officers, employees, agents, auditors, attorneys, persons and/or business entities acting and/or purporting to act for or on its behalf.

4.     The term "Explorica" means plaintiff Explorica, Inc., and any and all former or present subsidiaries, affiliates, parents, directors, officers, employees, agents, auditors, attorneys, persons and/or business entities acting and/or purporting to act for or on its behalf.

5.     The term "EXPLORICA Marks" means, refers to, and includes the mark depicted in the incontestable federal trademark Registration No. 2,732,669, issued July 1, 2003, and the design mark "E" depicted in federal trademark application Ser. No. 77/830,804, filed September 21, 2009, for "tour guide services and travel arrangement services and travel information services provided on a global computer network."

6.     The term "EXPLORITAS Marks" means, refers to, and includes the word mark "EXPLORITAS" depicted in the federal trademark Registration. No. 3,729,057, filed December 21, 2007, and the design mark "E" depicted in federal trademark application Ser. No. 77/503,726, filed June 20, 2008, for "arranging travel tours."

7.     The term "Exploritas Travel Services" means Elderhostel's Exploritas Travel Services, the entity previously named Lyon Travel and acquired by Elderhostel in 2008, and any and all former or present subsidiaries, affiliates, parents, directors, officers, employees, agents, auditors, attorneys, persons and/or business entities acting and/or purporting to act for or on its behalf.

8.     The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, and will include, without limitation, any transfer or exchange of information whether made orally, in writing, electronically, telephonically or

2

otherwise.

9.The terms "concerning" or "concern" mean mentioning, referring to, relating to, describing, evidencing, reflecting, constituting, or having any tendency to prove or disprove the substance of the matter referenced.

10.The terms "document" or "documents" shall be interpreted in the broadest possible sense and at a minimum shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.  The terms "document" or "documents" as used herein include, without limitation, the form of any medium in which information is stored including but not limited to, computer memory, computer tapes, disks or diskettes, film, paper, photographic paper, and any video or audio tapes and also includes any documents in electronic form, including a document stored in or on a computer, back-up tape or other electronic storage medium or other electronic device or in electronic mailboxes.  "Document" or "documents" as used herein will also include, without limitation, all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, as well as all actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures or attachments.

11.The terms "and" and "or" shall mean "and/or."

12.If the information contained in any document or part of any document is not produced on the basis of a claim or privilege or otherwise, state the specific ground upon which the information is not provided and identify each such document by its date, author(s), recipient(s), purpose, and a brief description of its subject matter.

3

13. Responses to these requests for production shall be supplemented and/or amended to the extent required by Fed. R. Civ. P. 26(e). These requests for production shall be deemed to impose a continuing duty upon Elderhostel to properly serve upon Explorica supplemental and/or amended responses if Elderhostel acquires further documents or things relating to these requests for production.

14. If Elderhostel is aware that any requested documents or things (or groups of documents and/or things) once existed, but has been destroyed, Elderhostel is requested to specifically identify each such document and/or thing, when the document and/or thing was destroyed, the reason for such destruction, and the circumstances under which such destruction occurred.

## REQUESTS FOR PRODUCTION

26. Any and all documents concerning a potential injunction in this case, including, but not limited to communications concerning business planning and/or the effect of an injunction.

27. Any and all documents concerning the development of a new name in place of EXPLORITAS or to change the use of the EXPLORITAS name in any way.

28. Any and all documents that Elderhostel intends to rely on in connection with opposing an injunction in this case.

29. Documents sufficient to identify Elderhostel's revenue recognition policies.

30. Documents sufficient to identify all tours and/or programs booked and/or sold since Elderhostel began using the EXPLORITAS Mark (i.e., since the rebranding on or about September 22, 2009), whether or not the customer has actually traveled and/or participated in the booked program and the amount each customer paid or has agreed to

pay.

31. Documents sufficient to identify all gross revenues for any trip or program booked and/or sold since Elderhostel began using the EXPLORITAS Mark, on a per trip or program basis.

32. Documents sufficient to show the number of participants and corresponding revenue (actual or projected) for all tours and/or programs that have been booked and/or sold since Elderhostel began using the EXPLORITAS Mark, on a business line basis.

33. Any and all documents reflecting the dollar value of Elderhostel's projected bookings and/or sales of its programs for the period after Elderhostel began using the EXPLORITAS Mark by financial quarter, including all revenue projections, market share projections, customer awareness projections, forecasts, and financial impact projections.

34. Any and all documents reflecting Exploritas Travel Services' bookings and/or sales since Elderhostel began using the EXPLORITAS Mark.

35. Any and all documents upon which Elderhostel intends to rely to show costs or deductions for purposes of calculating its profits for trips or programs sold under the EXPLORITAS Marks.

36. Any and all documents concerning Elderhostel's policies, practices, or procedures concerning accounting for gross profit and net profit.

37. Documents sufficient to identify the number of people – inquirers and enrollees – who contacted Elderhostel's Participant Services Center from January 1, 2009 to the present to obtain information including, but not limited to, price quotes, broken out on a month-by-month (or any shorter time period) basis.

38. Documents sufficient to identify the number of people who contacted Exploritas

5

Travel Services (previously Lyon Travel) from January 1, 2009 to the present to obtain information including, but not limited to, price quotes, broken out on a month-by-month (or any shorter time period) basis.

39. Documents sufficient to identify the number of people who made any type of travel reservation with or through Exploritas Travel Services from January 1, 2009 to the present, broken out on a month-by-month (or any shorter time period) basis.

40. Documents sufficient to show all marketing expenditures by category, as well as the type and volume of all marketing materials bearing the EXPLORITAS Marks, including but not limited to, all mailings - traditional and/or electronic - catalogs, and brochures, co-marketing arrangements, free marketing, and all expenditures associated with updating the website to reflect the rebranding efforts using the EXPLORITAS Mark and associated with any radio advertising campaigns regarding the EXPLORITAS Mark.

41. Documents sufficient to show Elderhostel's current marketing budget for FY2010.

42. Documents sufficient to show all marketing expenditures for each of the "Active and Completed Campaigns Since 09/01/2009" referenced in the document bearing Bates numbers EH016316-16321.

43. Documents sufficient to show all expenditures on brochures and catalogues for FY2009 and FY2010.

44. Any and all documents concerning Internet traffic on the websites [www.elderhostel.org](www.elderhostel.org), [www.elderhostel.com](www.elderhostel.com), [www.exploritas.org](www.exploritas.org), and [www.exploritas.com](www.exploritas.com), broken down by site, from January 1, 2008 through the present. This Document Request includes any internal communications regarding trends observed in Elderhostel's Internet traffic on any or all of these websites, and information regarding referral traffic by

6

source.

45. Any and all documents concerning the origin of Internet traffic on the websites www.elderhostel.org, www.elderhostel.com, www.exploritas.org, and www.exploritas.com, broken down by site, from January 1, 2008 through the present. This Document Request includes any internal communications regarding trends observed in the source of Elderhostel's Internet traffic on any or all of these websites. This Document Request includes, but is not limited to, any logs or other documents regarding referral traffic by source.

46. Any and all documents that Elderhostel intends to rely on in connection with opposing money damages in this case.

47. Any and all documents that Elderhostel intends to rely on in connection with opposing a request for attorneys' fees and costs in this case.

Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ Mark S. Puzella
Mark S. Puzella (BBO No. 644850)
  mpuzella@goodwinprocter.com
James C. Rehnquist (BBO No. 552602)
  jrehnquist@goodwinprocter.com
R. David Hosp (BBO No. 634091)
  rhosp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231

Dated: March 17, 2010

**CERTIFICATE OF SERVICE**

     I certify that Plaintiff Explorica, Inc.'s Second Set of Document Requests to Defendant Elderhostel, Inc. was served upon all counsel of record by electronic mail on March 17, 2010.

                                       /s/ Mark S. Puzella
                                       Mark S. Puzella

LIBA/2073821.4