UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11719-RGS

EXPLORICA, INC.

v.

ELDERHOSTEL, INC. d/b/a EXPLORITAS

<u>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
TO STRIKE THE EXPERT REPORT OF PHILIP GREEN,
TO PRECLUDE TESTIMONY BY MR. GREEN, AND
TO PRECLUDE DEFENDANT FROM OFFERING ANY ADDITIONAL
EVIDENCE AT TRIAL</u>

April 28, 2010

STEARNS, D.J.

    1. Explorica's motion to strike Elderhostel expert Philip Green's report and preclude portions of his testimony is <u>DENIED</u>.  The court, in its discretion, will allow the report and its exhibits to be considered in their entirety despite the inexplicable delay in Elderhostel's identification of Green as a testifying expert and the providing of the appropriate Rule 26 disclosures.

    2. Explorica's motion to preclude Elderhostel from offering any further evidence on damages at trial beyond that which has now been disclosed is <u>ALLOWED</u>.  Under the court's March 1, 2010 scheduling Order, Elderhostel was required to produce responsive documents to Explorica's inquiries on the subject of damages by March 25, 2010.  That the court may make an informed judgment on the merits, it is permitting Elderhostel to use the evidence relied on by its expert (Bates Nos. EH017732-81).  However, the time for further surprises has run.

    3. The clerk will set a trial date on damages for the first available date in May, unless

Explorica requests (within five days of the date of this Order) a brief extension in order to prepare a rebuttal to the late-disclosed material.

    4. The court is of the view that Elderhostel sees delay to its benefit, given its continued use of the infringing mark. The court believes that if this is the case, Elderhostel is mistaken. Nonetheless, to prevent a compounding of the harm to Explorica, the court is prepared to enter immediate injunctive relief. The court will consider an order based on paragraphs 1-7 of the proposed permanent injunction attached to Explorica's damages brief (Doc. 137 at 25-27), which derives its language from the injunction entered by the court in <u>Visible Sys. Corp. v. Unisys Corp.</u>, No. 04-11610 (D. Mass. Nov. 2, 2007). Elderhostel will have seven (7) days from the date of this Order to interpose any objections to the language of the proposed injunction.

<u>ORDER</u>

    For the foregoing reasons, Explorica's motion is <u>DENIED</u> in part and <u>ALLOWED</u> in part.

                      SO ORDERED.

                      /s/ Richard G. Stearns

                      _____
                      UNITED STATES DISTRICT JUDGE