UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11719-RGS

EXPLORICA, INC.

v.

ELDERHOSTEL, INC. d/b/a EXPLORITAS

<u>PERMANENT INJUNCTION</u>

May 6, 2010

STEARNS, D.J.

    1. This trademark infringement case was heard by the Court, sitting with a jury, between February 16 and February 23, 2010.

    2. The jury made the following findings of fact, among others:

        A.    That Elderhostel's EXPLORITAS mark is substantially similar to Explorica's EXPLORICA mark;

        B.    That because of the similarity of the marks, potential customers are likely to be confused into mistakenly believing that Explorica is the source or sponsor of Elderhostel's services, or that potential Explorica customers are likely to be diverted to Elderhostel;

        C.    That direct or indirect confusion will cause Explorica to lose future segments of the travel market into which it or Elderhostel has present plans to expand.

Accordingly, it is hereby ordered, adjudged, and decreed that:

    3. In accordance with the schedule set forth below, Elderhostel and its employees, agents, servants, and all in privity with any of them are hereby permanently enjoined from using the EXPLORITAS mark in commerce in the United States.

    4. Elderhostel shall, within 60 days of the date of this Order, cease and desist from any and all use of the EXPORITAS mark in the sale, offering for sale, distribution or

advertising in the United States of goods or services.

5. Elderhostel shall, within the period set forth in the preceding paragraph, remove all uses of the EXPLORITAS mark from the Internet websites www.exploritas.com, www.exploritas.org, www.elderhostel.org, www.elderhostel.com, and any other websites under its control and shall remove and destroy all other advertising or promotional materials that are within the United States and within the control of Elderhostel and the EXPLORITAS mark.

6. Nothing in the foregoing injunction shall:

    A. Preclude Elderhostel from retaining or using internally for any corporate purpose, including without limitation any recordkeeping, training, or internal communication purpose, any documents or materials containing the EXPLORITAS mark;

    B. Require Elderhostel to delete or alter any past public statement containing the EXPLORITAS mark, wherever maintained;

    C. Require Elderhostel to seek to remove any uses of the EXPLORITAS mark from any third-party website or other source not controlled by Elderhostel.

7. Elderhostel shall, no later than 90 days after the date of this Order, file with the Clerk of the Court, and serve on Explorica, a status report, setting forth in detail the manner and form in which Elderhostel has complied with the foregoing injunction.

8. If, at any time after the expiration of the 60 days specified in paragraph 4, Explorica identifies any instance of use by Elderhostel of the EXPLORITAS mark in the United States in a manner plaintiff believes is in violation of the foregoing injunction, then:

    A. Explorica shall promptly provide Elderhostel with reasonable written notice identifying the use and the basis for the contention that it violates the injunction;

    B. In the event Elderhostel removes or otherwise ceases the identified

    use within 14 days after receipt of such notice, and in the absence of any evidence that Elderhostel intentionally failed to remove or cease the use during the period set forth in paragraph 4 and 5 above, then the identified use shall not be considered in violation of the injunction; and

C.    In the event of any dispute between the parties as to whether an identified use is proscribed by the injunction, the parties shall meet within a reasonable time and negotiate in good faith to attempt to resolve any such dispute before seeking relief from the court.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE